UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DERRICK CAMPBELL, for himself and on behalf of all others similarly situated,

                Plaintiff,

v.

EMPIRE MERCHANTS, LLC,

                Defendant.

Civil No.: 16 CV 5643 (ENV)(SMG)

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND OTHER DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Empire Merchants, LLC ("Defendant"), by and through its attorneys, Epstein Becker & Green, P.C., for its answer to Plaintiff Derrick Campbell's ("Plaintiff") Complaint (the "Complaint"), states as follows:

## AS TO PRELIMINARY STATEMENT

1. The allegations set forth in Paragraph 1 of the Complaint state conclusions of law and the Plaintiff's characterization of the case which Defendant is not required to either admit or deny. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 1 of the Complaint.

2. The allegations set forth in Paragraph 2 of the Complaint state conclusions of law and the Plaintiff's characterization of the case which Defendant is not required to either admit or deny. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 2 of the Complaint.

3. The allegations set forth in Paragraph 3 of the Complaint, state conclusions of law and the Plaintiff's characterization of the case which Defendant is not required to either admit or deny. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 3 of the Complaint.

## AS TO JURISDICTION AND VENUE

4. The allegations set forth in Paragraph 4 of the Complaint state conclusions of law and the Plaintiff's characterization of the case which Defendant is not required to either admit or deny. To the extent a response is required, Defendant admits that this Court has subject matter jurisdiction over claims arising under the FLSA, but denies violation of the FLSA.

5. The allegations set forth in Paragraph 5 of the Complaint state conclusions of law and the Plaintiff's characterization of the case which Defendant is not required to either admit or deny. To the extent a response is required, admits that this Court has supplemental jurisdiction based on 28 U.S.C. § 1367 and the FLSA, but denies violation of the FLSA and any related state laws.

6. The allegations set forth in Paragraph 6 of the Complaint state conclusions of law which Defendant is not required to either admit or deny. To the extent a response is required, Defendant admits that venue is proper in the United States District Court for the Eastern District of New York based on 28 U.S.C. § 1391(b).

## AS TO PARTIES

7. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 7 of the Complaint and, therefore, denies same.

8. Defendant admits the allegations set forth in Paragraph 8 of the Complaint.

9. Defendant denies the allegations set forth in Paragraph 9 of the Complaint, except admits that it is a distributor of wine and spirits, including products received from outside the State of New York, and avers such products are distributed to licensed retailers located in the following counties: Kings, New York, Bronx, Queens, Richmond, Nassau, Suffolk, and

Westchester, and that periodically between April 1, 2016 and June 22, 2016, Plaintiff accepted an offer of a work assignment and he was paid for all hours he worked.

10. Defendant admits the allegations set forth in Paragraph 10 of the Complaint.

## AS TO STATEMENT OF FACTS

11. Defendant denies the allegations set forth in Paragraph 11 of the Complaint, except avers as follows: Defendant holds open houses for individuals to submit employment applications to be considered for work assignments during a shape up as a supplement to Defendant's regular work force; Plaintiff submitted an employment application at one of Defendant's open houses; after its consideration of the application, Defendant contacted Plaintiff to inform him he could shape up at Defendant's warehouse facility; individuals appearing for a shape up may receive an assignment to work at Defendant's warehouse facility or on one of Defendant's delivery trucks, or they may receive no assignment at all; and Plaintiff could elect to shape up on any day he wished to appear at Defendant's warehouse facility but was not certain to receive a work assignment on any given day.

12. Defendant denies the allegations set forth in Paragraph 12 of the Complaint, except avers that individuals appearing for a shape up have no assurance of receiving a work assignment, but if they receive and accept an offer of a work assignment, they may be assigned to perform various tasks inside or outside Defendant's warehouse facility, or as a helper on one of Defendant's delivery trucks.

13. Defendant denies the allegations set forth in Paragraph 13 of the Complaint.

14. Defendant denies the allegations set forth in Paragraph 14 of the Complaint.

15. Defendant denies the allegations of Paragraph 15 of the Complaint, except avers that as of March 2016 Defendant compensated individuals receiving a work assignment during a

shape up at the hourly rate of $13.00 for performing warehouse work and $14.00 for performing work as a helper on one of Defendant's delivery trucks.

16. Defendant denies the allegations of Paragraph 16 of the Complaint, except avers that it paid overtime pay to individuals receiving a work assignment during a shape up at the rate of and one-half times the regular hourly rate for any hours worked in excess of eight hours in a day.

17. Defendant denies the allegations set forth in Paragraph 17 of the Complaint.

18. Defendant denies the allegations set forth in Paragraph 18 of the Complaint.

## I. Wage & Hour Claims

19. Defendant admits the allegations set forth in Paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the identity of the unidentified supervisors and managers in Paragraph 20 of the Complaint and, therefore, denies those allegations

21. The allegations set forth in Paragraph 21 of the Complained state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 21 of the Complaint.

22. Defendant admits the allegations set forth in Paragraph 22 of the Complaint.

23. Defendant denies the allegations set forth in Paragraph 23 of the Complaint.

24. Defendant denies the allegations set forth in Paragraph 24 of the Complaint.

25. Defendant denies the allegations set forth in Paragraph 25 of the Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Complaint.

27. Defendant denies the allegations set forth in Paragraph 27 of the Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in Paragraph 29 of the Complaint.

30. Defendant denies the allegations set forth in Paragraph 30 of the Complaint.

31. Defendant denies the allegations set forth in Paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in Paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in Paragraph 33 of the Complaint.

34. Defendant denies the allegations set forth in Paragraph 34 of the Complaint.

35. Defendant denies the allegations set forth in Paragraph 35 of the Complaint.

36. Defendant denies the allegations set forth in Paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's allegations regarding the times or readiness, willingness and ability of Plaintiff to work at such times and, therefore, denies the allegations set forth in Paragraph 37 of the Complaint.

38. Defendant denies the allegations set forth in Paragraph 38 of the Complaint.

39. Defendant denies the allegations set forth in Paragraph 39 of the Complaint.

40. Defendant denies the allegations set forth in Paragraph 40 of the Complaint.

41. Defendant denies the allegations set forth in Paragraph 41 of the Complaint.

42. The allegations set forth in Paragraph 42 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 42 of the Complaint.

43. The allegations set forth in Paragraph 43 of the Complaint state conclusions of law to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 43 of the Complaint.

44. Defendant denies the allegations set forth in Paragraph 44 of the Complaint.

45. Defendant denies the allegations set forth in Paragraph 45 of the Complaint.

   i. Defendant denies the allegations set forth in Paragraph 45(i) of the Complaint.

   ii. Defendant denies the allegations set forth in Paragraph 45(ii) of the Complaint.

   iii. Defendant denies the allegations set forth in Paragraph 45(iii) of the Complaint.

**II.   Gender Discrimination and Wrongful Termination Claims**

46. Defendant denies the allegations set forth in Paragraph 46, except avers that Defendant's Director of Loss Prevention Michael Martin met with Plaintiff on June 22, 2016.

47. Defendant denies the allegations set forth in Paragraph 47, except avers that two female employees complained to Defendant's Director of Loss Prevention Michael Martin that Plaintiff had harassed them and that a third female employee complained to Mr. Martin that she felt intimidated by Plaintiff.

48. Defendant denies the allegations set forth in Paragraph 48, except states that it is without knowledge or information sufficient to form a belief as to the veracity of the allegation relating to Plaintiff's emotions and, therefore, denies those allegations, and avers that its Director of Loss Prevention Michael Martin met with Plaintiff on June 22, 2016 to ask him about his interactions with certain female employees.

49. Defendant denies the allegations set forth in Paragraph 49 of the Complaint, except avers that its Director of Loss Prevention Michael Martin met with Plaintiff on June 22, 2016, to ask him about his interactions with certain female employees.

50. Defendant denies the allegations set forth in Paragraph 50 of the Complaint, except avers that when its Director of Loss Prevention Michael Martin met with Plaintiff on June 22, 2016 to ask him about what had transpired during his interactions with certain female employees, Plaintiff denied having harassed or intimated the female employees.

51. Defendant denies the allegations set forth in Paragraph 51 of the Complaint.

52. Defendant denies the allegations set forth in Paragraph 52 of the Complaint.

53. Defendant denies the allegations set forth in Paragraph 53 of the Complaint.

54. Defendant denies the allegations set forth in Paragraph 54 of the Complaint.

55. Defendant denies the allegations set forth in Paragraph 55 of the Complaint.

## AS TO CLASS ACTION ALLEGATIONS

56. Plaintiff's allegations set forth in Paragraph 56 of the Complaint contain a description of a collective action pursuant to the FLSA which Plaintiff purports to pursue for himself and on behalf of putative collective action members, to which no response is required, and Defendant denies the remaining allegations set forth in Paragraph 56 of the Complaint.

57. Defendant denies the allegations set forth in Paragraph 57 of the Complaint.

58. Defendant denies the allegations set forth in Paragraph 58 of the Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Complaint.

60. The allegations set forth in Paragraph 60 of the Complaint are not directed toward Defendant and, therefore, no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 60 of the Complaint.

61. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 61 of the Complaint and, therefore, denies same.

62. Defendant is without sufficient knowledge or information to admit or deny the allegations set forth in Paragraph 62 of the Complaint and, therefore, denies same.

63. Defendant denies the allegations set forth in Paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in Paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Complaint.

68. Defendant denies the allegations set forth in Paragraph 68 of the Complaint.

69. Defendant denies the allegations set forth in Paragraph 69 of the Complaint.

70. Defendant denies the allegations set forth in Paragraph 70 of the Complaint.

## AS TO CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### Unpaid Overtime in Violation of the FLSA

71. In response to paragraph 71 of the Complaint, Defendant incorporates by reference its responses to each of the proceeding paragraphs as appropriate.

72. The allegations set forth in Paragraph 72 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 72 of the Complaint.

73. The allegations set forth in Paragraph 73 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 73 of the Complaint.

74. Defendant denies the allegations set forth in Paragraph 74 of the Complaint.

75. Defendant denies the allegations set forth in Paragraph 75 of the Complaint.

## SECOND CAUSE OF ACTION
### Unpaid Overtime in Violation of the NYLL

76. In response to paragraph 76 of the Complaint, Defendant incorporates by reference its responses to each of the proceeding paragraphs as appropriate.

77. The allegations set forth in Paragraph 77 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 77 of the Complaint.

78. The allegations set forth in Paragraph 78 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 78 of the Complaint.

79. Defendant denies the allegations set forth in Paragraph 79 of the Complaint.

80. Defendant denies the allegations set forth in Paragraph 80 of the Complaint.

## THIRD CAUSE OF ACTION
### Unpaid Spread of Hours Pay in Violation of the NYLL

81. In response to paragraph 81 of the Complaint, Defendant incorporates by reference its responses to each of the proceeding paragraphs as appropriate.

82. The allegations set forth in Paragraph 82 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 82 of the Complaint.

83. The allegations set forth in Paragraph 83 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 83 of the Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of the Complaint.

85. Defendant denies the allegations set forth in Paragraph 85 of the Complaint.

## FOURTH CAUSE OF ACTION
### Failure to Pay Wages in Violation of the NYLL

86. In response to paragraph 86 of the Complaint, Defendant incorporates by reference its responses to each of the proceeding paragraphs as appropriate.

87. The allegations set forth in Paragraph 87 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 87 of the Complaint.

88. The allegations set forth in Paragraph 88 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 88 of the Complaint.

89. Defendant denies the allegations set forth in Paragraph 89 of the Complaint, and avers that it did not engage Plaintiff to wait and denies that it failed to compensate Plaintiff for all hours he worked after he received a work assignment.

90. Defendant denies the allegations set forth in Paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Complaint.

## FIFTH CAUSE OF ACTION
### Failure to Provide Notice and Keep Records in Violation of the NYLL

92. In response to paragraph 92 of the Complaint, Defendant incorporates by reference its responses to each of the proceeding paragraphs as appropriate.

93. The allegations set forth in Paragraph 93 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 93 of the Complaint.

94. The allegations set forth in Paragraph 94 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 94 of the Complaint.

95. Defendant denies the allegations set forth in Paragraph 95 of the Complaint.

96. Defendant denies the allegations set forth in Paragraph 96 of the Complaint.

## SIXTH CAUSE OF ACTION
### Gender Discrimination in Violation of the NYCHRL

97. In response to paragraph 97 of the Complaint, Defendant incorporates by reference its responses to each of the proceeding paragraphs as appropriate.

98. The allegations set forth in Paragraph 98 of the Complaint state a legal conclusion to which no response is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 98 of the Complaint.

99. Defendant denies the allegations set forth in Paragraph 99 of the Complaint.

100. Defendant denies the allegations set forth in Paragraph 100 of the Complaint.

## AS TO REQUEST FOR RELIEF

In response to the Request for Relief following Paragraph 100 of the Complaint, Defendant denies that Plaintiff and any other member of the putative collective action are entitled to the relief set forth therein or to any other relief.

## AFFIRMATIVE AND OTHER DEFENSES

### FIRST DEFENSE

The Complaint is barred, in whole or in part, because some or all of the allegations fail to state a claim upon which relief can be granted.

**SECOND DEFENSE**

The Complaint is barred, in whole or in part, because Plaintiff and/or all members of the putative collective action or class action have been paid all monies owed to them under the applicable laws, rules and regulations.

**THIRD DEFENSE**

Plaintiff and/or the members of the putative collective action or class action were properly paid for all hours worked.

**FOURTH DEFENSE**

The wages of Plaintiff and/or the members of the putative collective action or class action were not subject to any unlawful deductions.

**FIFTH DEFENSE**

Plaintiff and/or the members of the putative NYLL class action are not entitled to "spread of hours" pay as a matter of law because they received more than the New York minimum wage for all hours worked.

**SIXTH DEFENSE**

Plaintiff and/or the members of the putative collective action or class action earned in excess of the applicable minimum wage rate for each hour under 40 that they chose to work in a workweek.

**SEVENTH DEFENSE**

Plaintiff and/or the members of the putative collective action or class action lack standing to pursue some or all of the claims asserted in the Complaint.

## EIGHTH DEFENSE

Plaintiff and/or the members of a putative collective action or class action cannot assert a private cause of action to enforce the recordkeeping requirements under the FLSA, 29 U.S.C. § 211(c), or NYLL § 195(4).

## NINTH DEFENSE

If any of the unlawful acts or omissions alleged in the Complaint were engaged in by Defendant, which it denies, Defendant did not do so willfully.

## TENTH DEFENSE

Plaintiff's action may not be maintained as a class action because he seeks liquidated damages for both himself and the members of the putative class action. Should Plaintiff seek to waive his rights to liquidated damages to avoid this obstacle, Plaintiff will be unable to adequately represent the interests of the members of the putative class action who will be forced to forgo full potential relief under the NYLL.

## ELEVENTH DEFENSE

Defendant did not willfully commit any alleged violation of the FLSA, NYLL or their implementing rules or regulations. At all times relevant to this action, Defendant acted in good faith, on reasonable grounds and with the reasonable belief that it was in full compliance with the FLSA and NYLL, and their implementing rules and regulations.

## TWELFTH DEFENSE

Any alleged damages of Plaintiff and/or the members of the putative class action or collective action were not caused by any unlawful policy, custom, practice, or procedure promulgated or permitted by Defendant.

**THIRTEENTH DEFENSE**

This action is not a proper class action or collective action, and it cannot be certified as such.

**FOURTEENTH DEFENSE**

This action cannot be maintained as a collective action because it fails to meet the requirements of 29 U.S.C.§ 216(b) and applicable case law.

**FIFTEENTH DEFENSE**

This action cannot be maintained as a Federal Rules of Civil Procedure Rule 23 class action or as a collective action because Plaintiff's allegations require individualized inquiry. Such individual analyses predominate over common questions that defeat the legality and utility of a purported class action or collective action.

**SIXTEENTH DEFENSE**

Plaintiff cannot bring this action in a representative capacity because he is not similarly situated to the members of the putative collective action he purports to represent in this action.

**SEVENTEENTH DEFENSE**

Plaintiff is not an adequate representative of the members of the alleged putative class for purposes of satisfying Rule 23 of the Federal Rules of Civil Procedure.

**EIGHTEENTH DEFENSE**

This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff's claims are not typical of the claims of the members of the alleged putative class.

**NINETEENTH DEFENSE**

This action is not appropriate for class certification under Rule 23 of the Federal Rules of Civil Procedure because Plaintiff cannot demonstrate the class is so numerous that joinder of all members of the putative class is impracticable.

**TWENTIETH DEFENSE**

Class action treatment under Rule 23 of the Federal Rules of Civil Procedure is not superior to other available methods for the fair and efficient adjudication of Plaintiff's claims and the claims of the members of the putative collective and class action.

**TWENTY-FIRST DEFENSE**

Defendant opposes collective action and class action certification and disputes the propriety of collective or class treatment of this action. If the Court were to certify a collective or class action in this action over Defendant's objections, then Defendant asserts the applicable denials and affirmative defenses set forth herein against each and every member of the certified collective action or class action.

**TWENTY-SECOND DEFENSE**

The Complaint fails to state a claim for which compensatory, punitive or liquidated damages may be granted.

**TWENTY-THIRD DEFENSE**

Neither Plaintiff nor the members of the putative collective action, may recover liquidated damages, because neither Defendant nor any of its officers, directors, managers, or agents committed any oppressive, willful, wanton, fraudulent, or malicious act or authorized or ratified any such act with respect to Plaintiff or any alleged group member, and because Plaintiff has failed to plead facts sufficient to support recovery of such damages.

## TWENTY-FOURTH DEFENSE

The Complaint is barred, in whole or in part, because some or all of the time for which compensation is sought is *de minimis* and therefore is not compensable.

## TWENTY-FIFTH DEFENSE

The Complaint is barred, in whole or in part, because it requests relief which exceeds that available under applicable law.

## TWENTY-SIXTH DEFENSE

Plaintiff and the members of the putative collective action may not recover liquidated damages and prejudgment interest because such relief would amount to a double recovery.

## TWENTY-SEVENTH DEFENSE

Some or all of the claims asserted in the Complaint may be barred by the doctrine of preemption.

## TWENTY-EIGHTH DEFENSE

The certification and trial of this case as a collective and/or class action would violate Defendant's rights under the Fifth and/or Seventh Amendments to the United States Constitution.

## TWENTY-NINTH DEFENSE

To the extent any employee, manager, supervisor, director or officer of Defendant engaged in any unlawful conduct as alleged in the Complaint, such actions were outside the scope and course of their employment and were not in furtherance of Defendant's business.

## THIRTIETH DEFENSE

As to the Sixth Cause of Action set forth in the Complaint, Defendant did not negligently, recklessly, or intentionally engage in willful, deliberate, malicious or outrageous conduct toward

Plaintiff, nor did Defendant negligently or intentionally cause Plaintiff to suffer emotional distress.

## THIRTY-FIRST DEFENSE

As to the Sixth Cause of Action set forth in the Complaint, any alleged emotional distress claimed by Plaintiff was not so intense or of such a duration that no ordinary persons should be expected to endure it.

## THIRTY-SECOND DEFENSE

As to the Sixth Cause of Action set forth in the Complaint, any emotional distress claimed to have been suffered by Plaintiff was not reasonable or justified under the circumstances.

## THIRTY-THIRD DEFENSE

As to the Sixth Cause of Action set forth in the Complaint, any improper or illegal actions by any employee of Defendant were independent, intervening, and unforeseeable acts that were not ratified, confirmed, or approved by Defendant and thus cannot be attributed to Defendant.

## THIRTY-FOURTH DEFENSE

The Sixth Cause of Action set forth in the Complaint is barred, in whole or in part, because all of Defendant's actions concerning Plaintiff were based on legitimate, non-discriminatory, non-retaliatory, business-related reasons.

## THIRTY-FIFTH DEFENSE

As to the Sixth Cause of Action set forth in the Complaint, upon information and belief, Plaintiff has failed to mitigate his alleged damages, if any.

## THIRTY-SIXTH DEFENSE

As to the Sixth Cause of Action set forth in the Complaint, Plaintiff's punitive damages claims are barred because Defendant at no time engaged in discriminatory practices or actions with malice or with reckless disregard for Plaintiff's rights.

## THIRTY-SEVENTH DEFENSE

Defendant reserves the right to plead, assert, and rely upon all proper affirmative defenses lawfully available, including those which may be disclosed or discovered through further assertions by Plaintiff, the members of the putative collective action, or discovery.

## THIRTY-EIGHTH DEFENSE

The claims for pre-judgment and post-judgment interest under the NYLL are pre-empted by the remedies provided by the FLSA.

Defendant reserves the right to raise additional affirmative and other defenses that may subsequently become or appear applicable to the allegations of the Complaint.

WHEREFORE, Defendant denies each and every allegation of the Complaint, except as expressly admitted or qualified above. Judgment should be entered on the Complaint in favor of Defendant and the Complaint should be dismissed with prejudice and Plaintiff should be required to pay the costs and attorneys' fees incurred by Defendant in defending against the action, and Defendant should be granted such other relief as the Court may deem just and proper.

New York, New York  
December 20, 2016

EPSTEIN BECKER & GREEN, P.C.

By: /s/ Allen B. Roberts  
    Allen B. Roberts  
    Laura A. Stutz  
    250 Park Avenue  
    New York, NY 10177  
    Phone: (212) 351-4500  
    E-Mail: aroberts@ebglaw.com  
    *Attorneys for Defendant Empire Merchants, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 20, 2016, I caused the foregoing document to be filed via the Court's CM/ECF system, and automatically served via electronic mail on all counsel of record.

New York, New York
December 20, 2016

                                              Allen B. Roberts, Esq.