

EPSTEIN
BECKER
GREEN

Attorneys at Law

Allen B. Roberts
t 212.351.3780
f 212.878.8600
aroberts@ebglaw.com

February 3, 2017

**Via ECF**

The Honorable Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  *Campbell et al. v. Empire Merchants, LLC,*
          No. 1:16 Civ. 5643-ENV-SMG

Dear Judge Gold:

      In accordance with Your Honor's Scheduling Order dated October 12, 2016 (Docket No. 7), the parties have met and conferred on the matters specified in Fed. R. Civ. P. 16(b) and 26(f) with regard to scheduling and discovery issues. Because counsel are not able to agree on a proposal by Defendant Empire Merchants, LLC concerning matters central to the Initial Conference scheduled for February 10, 2017 and the terms of Your Honor's Initial Conference Questionnaire, we write on behalf of Defendant to advise the Court of a threshold disputed matter we wish to address at the Initial Conference and to provide related context.

      Plaintiff's counsel informed Defendant's counsel during a January 6 conference preliminary to the Initial Conference of the intention to file an early motion for conditional certification of Plaintiff's First Cause of Action, a putative Fair Labor Standards Act ("FLSA") collective action. Believing that Plaintiff's FLSA and related New York Labor Law ("NYLL") claims are susceptible to efficient disposition by summary judgment motion, Defendant suggested in response that the parties first engage in discovery targeted to the dispositive issue of Plaintiff's FLSA and related NYLL claims: whether Plaintiff can establish that he is entitled to wage payments on his theory that he was engaged to wait, on each day he worked but before he received a work assignment, by appearing at Defendant's facility during a "shape up" procedure conducted by Defendant to determine whether individuals seeking work will receive work assignments. (Docket No. 1, Complaint ¶¶ 39, 40, 89 (hereinafter, "Compl.")). Defendant denies the allegations that Plaintiff's time waiting to be engaged on his workdays is compensable and avers that it did not engage Plaintiff to wait and that it did not fail to compensate Plaintiff for all hours he worked on each day he received a work assignment. (Docket No. 12, Answer ¶¶ 39, 40, 89). During a follow-up conference on January 31 and email exchanges on February 2,

Plaintiff rejected Defendant's proposal, insisting that the filing of Plaintiff's conditional certification motion is imminent and likely to precede the parties' appearance at next week's Initial Conference. Plaintiff's counsel also related their position that, "[w]ith respect to discovery, our position is that discovery will begin for all claims on an individual basis until our motion is granted. Then we'll have a 60-day opt-in period, after which we can decide whether it makes sense to conduct discovery on a representative basis. At the close of all discovery, we imagine you'll move for decertification and summary judgment."

**Targeted Discovery Should Be Undertaken Before Consideration of a Motion for Conditional Certification of Plaintiff's FLSA Claim**

Defendant believes that the targeted discovery it has proposed will enable a more efficient use of judicial and party resources without detriment to Plaintiff, by focusing on a limited development of facts determinative of Plaintiff's FLSA claim concerning Defendant's shape up on which Plaintiff wants to move for conditional certification. Summary judgment adjudication of whether time at a shape up is compensable will conserve judicial and party resources by addressing the narrow predicate facts before the parties undertake potentially unnecessary and costly discovery and motion practice directed to the appropriateness of conditional certification of the putative collective action. Particularly in the context of Plaintiff's pleadings, an intervening – and potentially superfluous – motion for conditional certification of a putative FLSA collective action that is vulnerable to dismissal is premature and unduly burdensome and wasteful of resources of the Court and the parties.

A predicate issue to conditional certification is whether the FLSA claim Plaintiff pleads in the Complaint is viable, and only a properly pleaded cause of action can qualify as a proper subject of the conditional certification motion Plaintiff contemplates. *See England v. Adm'rs of the Tule Educ. Fund*, No. 16 CV 3184, 2016 U.S. Dist. LEXIS 93842, at *10-12 (E.D. La. July 19, 2016) (dismissing FLSA collective action complaint where, among other deficiencies, the complaint lacked specificity regarding the plaintiff's proposed putative collective action and therefore failed to provide the defendant with fair notice of the putative class). Here, Plaintiff's First Cause of Action for Unpaid Overtime in Violation of the FLSA, for which Plaintiff makes only individual allegations of an FLSA violation (Compl. ¶¶ 72-75), relates to fewer than 30 days Plaintiff allegedly worked when he chose to appear for the shape up at Defendant's facility during a period of 12 weeks between April 3, 2016 and July 2, 2016 (Compl. ¶¶ 23-31).[1] Plaintiff's gossamer pleading does not give Defendant fair notice of the putative FLSA collective action. *Id.*; *accord Sampson v. Medisys Health Network, Inc.*, No. 10 CV 1342, 2011 U.S. Dist. LEXIS 12697, at *10-11 (E.D.N.Y. Feb. 8, 2011) (dismissing FLSA claim for failure to plead, holding that "[w]ithout alleging facts that support the claim that by working during the challenged periods plaintiffs, or the named plaintiff at a minimum, would be working

---

[1] Plaintiff's remaining causes of action and the relief Plaintiff seeks are similarly asserted exclusively on Plaintiff's own behalf, *i.e.*, Second Cause of Action – NYLL overtime pay violation (Compl. ¶¶ 77-80), Third Cause of Action – NYLL spread of hours pay violation (Compl. ¶¶ 82-85), Fourth Cause of Action – NYLL failure to pay wages (Complaint ¶¶ 87-91), Fifth Cause of Action – NYLL recordkeeping violation (Compl. ¶¶ 93-96), and Sixth Cause of Action – gender discrimination in violation of New York City Human Rights Law (Compl. ¶¶ 98-100).

compensable overtime hours, plaintiffs have not given defendants fair notice of the basis of the FLSA overtime claim as is required by *Twombly* and *Iqbal*.") (internal citations omitted).

### 1. Background

Defendant, a distributor of wine and spirits, employs a regular workforce which includes warehouse workers represented by Wine, Liquor & Distillery Workers Union Local 1-D, UFCW, AFL-CIO, and distribution drivers and helpers represented by Teamsters Local Union No. 917, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. For more than 36 years, Defendant has supplemented its regular workforce in both bargaining units on an as needed basis by assigning work, when available, to individuals who have indicated their desire to work on a given day by reporting to Defendant's facility during the shape up conducted on that day. Because the amount of work available varies on a daily basis, there is no assurance that an individual appearing for a shape up will receive a work assignment on any particular day.

### 2. Plaintiff Received Compensation for All Hours Worked and May Not Maintain a Claim for Unpaid Overtime Under the FLSA

Plaintiff's First Cause of Action for overtime pay under the FLSA fails based on Plaintiff's own admissions in the Complaint. Plaintiff admits: (i) he was not a regularly scheduled employee of Defendant and that any work assignments he received occurred through Defendant's shape up procedure; (ii) as a shape up employee, he was paid by Defendant for the work he performed at the rate of $13.00 per hour by Defendant for warehouse work and $14.00 per hour for work as a driver's helper; and (iii) he was paid at one-and-one-half times his regular hourly rate of pay for hours worked in excess of eight hours in a single day, either $19.50 or $21.00. *See* Compl. at ¶¶ 11-12, 15-16, 22. But for his claim that he received no compensation for the time he spent waiting to see if he would be engaged to work, Plaintiff does not complain that he received insufficient compensation for hours worked. *Id.* at ¶¶ 17-18, 31-40.

As a shape up employee, Plaintiff was not entitled to compensation from Defendant until he was engaged to work. The FLSA requires employers pay employees only for "hours worked." 29 U.S.C. §§ 206, 207(a)(1). Within the Second Circuit "work" is defined as:

> Exertion or loss of an employee's time that is (1) controlled or required by an employer, (2) pursued necessarily and primarily for the employer's benefit, and (3) if performed outside the scheduled work time an integral and indispensable part of the employee's principal activities.

*Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 285 (2d Cir. 2008) (citations omitted).

Courts recognize "shape up work" as a daily arrangement whereby the individual who seeks employment on a per diem basis "shapes up" to see if work is available, with no assurance that work will be available and assigned on any particular day. *See, e.g., National Labor Relations Board v. News Syndicate Co. Inc.*, 279 F.2d 323, 331 (2d Cir. 1960) (describing the

operation of a shape up when prevalent in the newspaper industry where certain individuals were "hired on a day-to-day basis."); *Sacco v. Pataki*, 114 F. Supp. 2d 264, (S.D.N.Y. 2000) (describing the shape up arrangement between labor unions and private trade show companies, noting individuals seeking work "would shape up at the Javits Center on the day of the trade show," and only those needed were hired).

Consistent with Defendant's decades-long practice, as a shape up employee, Plaintiff: (i) chose which days he wished to seek work at Defendant's facility; (ii) was not required to arrive at Defendant's premises at a particular time before or during the shape up; (iii) was free to use the time for his own purposes while waiting for a potential work assignment or leave with any frequency and at any time after arrival; (iv) could decline to accept a work assignment; and (v) could opt to not to show up at all if he did not wish to work on a particular day. Further, there was no certainty whether Plaintiff would be engaged to work and receive a work assignment with Defendant on any particular day. Plaintiff's Complaint shows that when he received work assignments he was paid at an hourly rate well in excess of the minimum wage for each hour worked, plus overtime pay for each hour worked over eight hours per day irrespective of whether he worked more than 40 hours in that workweek. (Compl. at ¶¶ 15-16). Accordingly, targeted discovery will allow development of facts on which summary judgment of the individual claim asserted by Plaintiff in his First Cause of Action may be considered most efficiently, without the burdens that attend an inappropriate conditional certification motion.

### 3. There Is No Urgency for Consideration of Conditional Certification

Even if conditional certification otherwise could be appropriate in the context of Plaintiff's individually pleaded FLSA Cause of Action, for the reasons that follow, Defendant respectfully submits that it serves all interests to address the straightforward and dispositive disputed issue of whether Plaintiff was engaged to wait, as he alleges, on the days he received shape up assignments, before consideration of a motion for conditional certification.

The question of whether Plaintiff is entitled to compensation for time he waited to see if he would receive a work assignment on days he chose to shape up at Defendant's facility and actually worked should precede the question of whether conditional certification of an FLSA collective action is appropriate. Allowing the requested targeted discovery on threshold issues resolvable by summary judgment before Plaintiff proceeds with a motion for conditional certification will spare the Court and the parties the burdens and commitment of resources that otherwise would be expended in an extensive, costly – and potentially avoidable – exercise of composing affidavits and exhibits, briefing and presentation of argument.[2]

Apart from the undue burdens and wastefulness of resources of the Court, Defendant and Plaintiff, Plaintiff and potential opt-ins can be protected against any imagined prejudice if Plaintiff's intended conditional certification motion awaits targeted discovery associated with his FLSA claim and determination of whether his First Cause of Action survives summary

---

[2] If Plaintiff wished to proceed concurrently with discovery on his individual gender discrimination claim under the New York City Human Rights Law, Defendant would not oppose.

judgment. *See Swanson, et ano. v. Manhattan Beer Distributors, LLC et al.*, No. 1:15 Civ. 5383-ENV-RLM ("*Swanson*"). In *Swanson*, Chief Magistrate Judge Mann proposed during an Initial Conference and Pre-Motion Conference that the parties agree to toll the statute of limitations and defer briefing a motion for conditional certification in order to engage in targeted discovery regarding an issue potentially dispositive of the asserted FLSA overtime pay claim: the exemption from overtime pay obligations available by application of the Motor Carrier Act, 49 U.S.C. § 13501 *et seq.* (the "MCA Exemption"). (*See Swanson* Docket No. 19, attached hereto as Exhibit 1). After accepting Magistrate Judge Mann's proposal, the parties submitted a proposed schedule for completing targeted discovery related to the MCA Exemption, which the Court adopted. (*See Swanson* Docket No. 20 and Electronic Order dated December 17, 2015, attached hereto as Exhibit 2). With briefing completed, the summary judgment motion is pending. (*See Swanson* Docket Nos. 39-67).

* * *

Thank you for Your Honor's courtesy and consideration of this matter.

Respectfully submitted,

/s/ Allen B. Roberts

Allen B. Roberts

cc: All Counsel of Record (via ECF)