

**EPSTEIN BECKER GREEN**

Attorneys at Law

Allen B. Roberts
t 212.351.3780
f 212.878.8600
aroberts@ebglaw.com

March 31, 2017

**Via ECF**
The Honorable Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Campbell et al. v. Empire Merchants, LLC,*
            No. 1:16 Civ. 5643-ENV-SMG

Dear Judge Gold:

      We write on behalf of Defendant Empire Merchants, LLC, in response to Plaintiff's Letter Motion dated March 29, 2017 (Docket No. 24), requesting that the Court compel the disclosure of contact information for two employees of Defendant, Christos Cane ("Cane") and David Farias ("Farias"), who were identified in Defendant's Rule 26(a)(1) Initial Disclosures as being likely to have knowledge of certain facts relating solely to Plaintiff's gender discrimination claim. In the context of the targeted discovery ordered by Your Honor during the February 10, 2017 Initial Conference in this matter and the disclosures and discovery had to date, including the deposition of Plaintiff, Plaintiff's motion to compel the disclosure of contact information is improper and should be denied for the reasons that follow.

      Plaintiff's current request is framed and constrained by Plaintiff's February 6 motion for conditional certification of Plaintiff's Fair Labor Standards Act ("FLSA") putative collective action (Docket Nos. 17-20) and Defendant's February 3 letter filed in anticipation of the conditional certification motion (Docket No. 16), as well as the related proceedings during the Initial Conference and the ensuing February 10 Minute Entry (Docket No. 21, hereinafter the "Order"). At issue during the Initial Conference was whether consideration of Plaintiff's motion for conditional certification should proceed in the face of Defendant's advocacy of targeted discovery focusing on facts determinative of Plaintiff's individual claim that he should be compensated for FLSA overtime pay purposes for time he participated in Defendant's shape-up procedure. Responsive to Plaintiff's counsel's express request that discovery be "as limited as possible…to the legal issue that was raised," the Court ordered that the scope of Plaintiff's deposition be confined to only those factual issues arising out of his individual wage and hour claim. (Exhibit 1, Docket No. 23, Transcript of Proceedings held Feb. 10, 2017, p. 11), and Your

FIRM:43210259

The Honorable Steven M. Gold, U.S.M.J.
March 31, 2017
Page 2

Honor's Order directs expedited discovery solely on Plaintiff's wage and hour claims (the "Targeted Discovery"). (Docket No. 21).

Filing the Letter Motion after the exchange of document production and interrogatory responses and the conclusion of Plaintiff's March 27 deposition, Plaintiff's counsel endeavors to obtain contact information for Cane and Farias, two individuals whose contact information normally could become available to Plaintiff only if he were to prevail on a motion for conditional certification of his FLSA collective action. However, by express terms of the Order, consideration of Plaintiff's conditional certification motion is postponed until after completion of the Targeted Discovery.

As established by all discovery and disclosure to date, the names of the individuals in question are known to Plaintiff only because Defendant supplied the names of Cane and Farias in its February 8 Initial Disclosures, as required to fulfill its obligations under Rule 26(a)(1) of the Federal Rules of Civil Procedure ("Rule 26") – before the Court's February 10 Initial Conference and Order defined and delimited scope of the Targeted Discovery authorized at the current phase of this case. Defendant's Initial Disclosures explicitly state that the names of Cane and Farias are disclosed solely because they are likely to have knowledge of certain facts pertaining to Plaintiff's gender discrimination claim. (*See* Exhibit 2, Defendant's Rule 26(a)(1) Initial Disclosures). Defendant did not disclose the names of Cane or Farias for any possible knowledge they may have with respect to its shape-up procedure in general or as it could apply to Plaintiff's wage and hour claims. In his own Rule 26 Initial Disclosures, Plaintiff did not identify or otherwise describe either Cane or Farias as having information about anything other than his gender discrimination claim. (*See* Exhibit 3, Plaintiff's Initial Disclosures). Unequivocally, neither Plaintiff nor Defendant is permitted to pursue discovery of Plaintiff's gender discrimination claim at this time.

Because it is not allowed by the permitted Targeted Discovery, Plaintiff's current request for contact information for Cane and Farias betrays an underlying purpose that is not authorized and ignores the burdens the parties will have at the conclusion of the Targeted Discovery when Defendant moves for summary judgment on Plaintiff's wage and hour claims and opposes conditional certification of Plaintiff's putative FLSA collective action, as contemplated in the Order (the "Post-Discovery Motions"). From his personal knowledge, Plaintiff can provide evidence he believes opposes summary judgment dismissal of his individual wage and hour claims and support his motion for conditional certification of his putative FLSA collective action, just as Defendant will be able to mine the revelations of Plaintiff's deposition and other sources of evidence in support of summary judgment and in opposition to conditional certification. But nothing entitles Plaintiff to Defendant's disclosure of contact information of Cane and Farias. Defendant disclosed the names of Cane and Farias for the entirely different purpose of fulfilling a Rule 26 obligation as to the suspended issue of gender discrimination. Like every other putative member of Plaintiff's FLSA collective action, Cane and Farias can do nothing more than corroborate, or not, what Plaintiff asserts as facts in his submissions on the Post-Discovery Motions – a superfluity for purposes of undisputed material facts.

The Honorable Steven M. Gold, U.S.M.J.
March 31, 2017
Page 3

    Notwithstanding current advocacy by Plaintiff's counsel, no one – not Plaintiff and not any Defendant representative or person with knowledge – has so much as intimated that Cane or Farias has any information that could aid Plaintiff's wage and hour claims concerning what he experienced during Defendant's shape-up procedure. And that lack of attribution remains valid throughout Plaintiff's Initial Disclosures, his interrogatory responses and his deposition testimony. Plaintiff did not name, or otherwise identify or advert to, either Cane or Farias in his responses to Defendant's First Set of Interrogatories (see Exhibit 3, Plaintiff's Initial Disclosures; Exhibit 4, Plaintiff's Interrogatory Response Nos. 10, 12, 13, 14, 15, 18, 20) or at his deposition when asked to identify individuals who have information relating to his wage and hour claims.

    For purposes of the Targeted Discovery authorized by the Court, Cane and Farias stand no differently from every other putative member of Plaintiff's FLSA collective action who may have obtained a work assignment at some time through Defendant's shape-up process, and Plaintiff has no entitlement to obtain discovery concerning putative collective action members alleged to be similarly situated to Plaintiff. The interest of Plaintiff's counsel in going outside the bounds of Targeted Discovery may be heightened following Plaintiff's deposition performance, but it ignores the reality that Plaintiff possesses the best firsthand information of his experiences that will be the subject of the Post-Discovery Motions; and, despite multiple opportunities, Plaintiff has not identified either Cane or Farias as a witness to anything he experienced during any day's shape-up procedure conducted by Defendant.

    Tellingly, during a March 29, 2017 telephonic meet and confer between counsel for the parties about this dispute, Plaintiff's counsel Edgar Rivera expressly conceded that the information Cane and Farias *may* have pertaining to Plaintiff's individual wage and hour claims is not unique, and that "any shape-up worker" would likely have information about what Plaintiff did. As he stated also in Plaintiff's instant Letter Motion, Mr. Rivera further stated that because Cane and Farias were identified in Defendant's Initial Disclosures as "having worked alongside" Plaintiff, he is entitled to interview these individuals to see *if* they know anything about Plaintiff's activities during the time he was waiting to be engaged with a work assignment through Defendant's shape-up process. Of course, even if Cane and Farias "worked alongside Plaintiff," as asserted, the Post-Discovery Motions will address the uncompensated time when Plaintiff chose to participate in Defendant's shape-up procedure, and they will have nothing to do with compensated time when Plaintiff may have "worked alongside" Cane and Farias or any of dozens of other individuals employed by Defendant.

    Accordingly, just as Defendant was not required to produce contact information for others in the entire universe of putative collective action members, the Court should deny Plaintiff's motion to compel disclosure of such contact information for Cane and Farias.

                                                                 Respectfully submitted,

                                                                */s/* Allen B. Roberts

                                                                 Allen B. Roberts

FIRM:43210259

The Honorable Steven M. Gold, U.S.M.J.
March 31, 2017
Page 4

cc:     All Counsel of Record (via ECF)

FIRM:43210259