*Campbell v. Empire Merchants, LLC*, **16-CV-5643 (ENV) (SMG)**

# EXHIBIT 1

```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK



------------------------------X
                              :
DERRICK CAMPBELL,             :
                              :    16-CV-5643 (ENV)(SMG)
              Plaintiff,      :
                              :    February 10, 2017
                              :
         V.                   :    Brooklyn, New York
                              :
EMPIRE MERCHANTS, LLC,        :
                              :
              Defendant.      :
------------------------------X


      TRANSCRIPT OF CIVIL CAUSE FOR STATUS CONFERENCE
            BEFORE THE HONORABLE STEVEN M. GOLD
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:          WALKER HARMAN, ESQ.
                            EDGAR RIVERA, ESQ.



For the Defendant:          ALLEN ROBERTS, ESQ.
                            ADRIANA KOSOVYCH, ESQ.


Audio Operator:


Court Transcriber:          ARIA SERVICES, INC.
                            c/o Elizabeth Barron
                            102 Sparrow Ridge Road
                            Carmel, NY 10512
                            (845) 260-1377




Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE COURT:  Campbell v. Empire Merchants
 2   LLC, 16-CV-5643.
 3              Who is here representing plaintiffs?
 4              MR. HARMAN:  Walker Harman, the Harman Firm,
 5   and Edgar Rivera, also from the Harman Firm,
 6   representing the plaintiffs.  Good morning, your Honor.
 7              THE COURT:  Good morning.
 8              For defendants?
 9              MR. ROBERTS:  Good morning, your Honor,
10   Allen Roberts and Adriana Kosovych, Epstein, Becker &
11   Green.
12              THE COURT:  How you doing?
13              MR. ROBERTS:  Well, thank you.
14              THE COURT:  I have the benefit of
15   plaintiff's -- have you actually filed the motion for
16   216(b)?
17              MR. HARMAN:  Yes, your Honor, we did.
18              THE COURT:  And defendant's pre-motion
19   letter, docket entry 16.  It seems like the issue in
20   this case is whether this pre-work time -- I don't want
21   to characterize it that way -- this time spent on a
22   day-to-day basis arriving at the warehouse before a
23   determination is made about whether someone will be
24   employed for the day or not is work time under the Fair
25   Labor Standards Act.  That's really the only issue that
```

```
 1  is raised in docket entry 16.
 2              Am I correct from defendant's perspective?
 3              MR. ROBERTS:  Yes, your Honor.  That of
 4  course preceded the filing of the conditional
 5  certification motion.
 6              THE COURT:  Is that your understanding as
 7  well, Mr. Harman?
 8              MR. HARMAN:  That's not the only issue in
 9  the case but that's the only issue that -- that is the
10  issue that has led to us having difficulty carving out
11  a joint proposal for your Honor, yes.
12              THE COURT:  What is the other issue in the
13  case?
14              MR. HARMAN:  The other issue is the
15  termination for gender discrimination.
16              THE COURT:  Yes, I understand that.  But as
17  far as the competing motion to dismiss, you're not
18  seeking to certify anything collective or class-like
19  about the termination decision, I take it.
20              MR. HARMAN:  Absolutely not.
21              THE COURT:  Okay.
22              MR. HARMAN:  But there's no motion to
23  dismiss, your Honor.
24              THE COURT:  Well, what is docket entry 16
25  then, a pre-motion conference in anticipation of what?
```

```
 1  What are you asking for?
 2            MR. HARMAN:  Of a summary judgment motion.
 3            THE COURT:  You want to move for summary
 4  judgment.
 5            MR. ROBERTS:  Yes, your Honor.
 6            THE COURT:  Okay.  What discovery would be
 7  necessary if we agree on the -- do we not agree on the
 8  basic facts in dispute, that is to say whether --
 9  there's a detailed description in defendant's letter of
10  how the system works that seems to be consonant, so far
11  as I can determine, with the allegations in the
12  complaint.  Is there a factual dispute about it?
13            MR. HARMAN:  Yes.  It is the defendant's
14  position that Mr. Campbell and others were free to
15  leave and do whatever they wanted to during the
16  engaged-to-wait period from 5:30 or 6:00 in the morning
17  until the shifts began.  So without discovery on those
18  issues, I don't think that we could really have clarity
19  on those issues, and I would imagine that our affidavit
20  or affidavits that we have submitted in opposition to
21  summary judgment would explain that.
22            THE COURT:  Okay.
23            MR. HARMAN:  And there would remain a
24  disputed fact.
25            THE COURT:  Right.
```

```
 1              MR. HARMAN:  I'd really be concerned that a
 2   summary judgment motion at this early stage would not
 3   be productive without at least some discovery.  By the
 4   way, your Honor, we have not opposed and even suggested
 5   that we begin discovery on Mr. Campbell's claim.  And
 6   as I understand it, and I don't want to speak on your
 7   behalf, they didn't really seem to be interested in
 8   that proposal.
 9              So what we would like to do is, we would
10   like to have the Court decide the notice of motion at
11   the Court's earliest convenience and proceed with that,
12   and simultaneously proceed with discovery on Mr.
13   Campbell's claim with documents, which would be very,
14   very limited because these are laborers, and the
15   deposition of Mr. Campbell and any other witnesses that
16   come about or putative opt-ins that show up.
17              THE COURT:  Go ahead.
18              MR. ROBERTS:  If I may, your Honor.  The
19   complaint and everything submitted on the motion, which
20   appears to have been made to Judge Vitaliano --
21   everything we have seen is about individual claims with
22   no statement supportive of anybody being similarly
23   situated.  And while I don't expect that anybody is
24   ready yet to argue the motion for conditional
25   certification, the plaintiff says, this is me, this is
```

1  what I encountered.  He does nothing to identify any
2  actor at Empire Merchants who did anything.  He says,
3  this is what Empire did but identifies nobody.  So in
4  all probability, for anything to proceed, there would
5  have to be at least some discovery on the conditional
6  certification motion, which should match perfectly with
7  the summary judgment motion.
8           THE COURT:  Here's my real concern here:
9  Ordinarily, when we have a legal question or even a
10 factual question that is going to be dispositive and
11 it's finite, and the defendants agree, as I understand
12 from defendants' letter here they do, to a tolling of
13 the limitations period until the 216(b) motion is
14 adjudicated, whenever it's brought, correct?
15          MR. ROBERTS:  Correct.
16          THE COURT:  I'm very open and I think most
17 courts are very open to allowing those preliminary
18 steps to be taken, that is preliminary steps to explore
19 the factual or legal ambiguity in a case that's not so
20 clear-cut.  The vast majority of cases that support the
21 immediate or very early 216(b) collective action or the
22 cut-and-dry cases where the defendants are paying their
23 employees in cash, where the defendants are failing to
24 pay the overtime premium, where the defendants are not
25 keeping accurate time records -- these are all

1  alternatives, not "ands," those are "ors."
2           This isn't that case.  If the shape-up
3  procedure is as defendants describe and discovery bears
4  that out and we send out a collective action
5  notification, I take it that day laborers are probably
6  among the less sophisticated members of the work force.
7  There will be a suggestion to a lot of people that they
8  may have legal rights that they don't have.  I'm a
9  little concerned about getting people's hopes up that
10 there's some big payday in their near future.  I'm a
11 little bit concerned about getting people's hopes up or
12 giving them an understanding of a legal regime that may
13 not exist without some better footing.
14          I think plaintiffs will agree that if
15 defendants are correct that folks like Mr. Campbell
16 could show up on a Monday and a Tuesday and be hired
17 and then decide not to show up for a few weeks because
18 they got a temp job somewhere else, and then come back
19 and have the same likelihood of being hired on the day
20 that they came back that they would have had they been
21 showing up in the interim, they're going to have a
22 harder time making out that they're employees.
23          I think that plaintiffs will agree that even
24 if someone shapes up three days a week and gets nine
25 and a half hours of work each of those days, they don't

1  have any overtime claim for that week.  So it's a
2  complicated set of circumstances that, given the stay -
3  - excuse me, the tolling that defendants have said they
4  will stipulate to, I'm prepared to give you a period of
5  time to take discovery and cross move against the
6  216(b) motion.
7           I think if I give you ninety days, I'm being
8  fair to you under these circumstances but I want these
9  documents gathered.  I want a commitment from you --
10 I'm directing my attention to defense counsel now --
11 that there will be a firm litigation hold in place and
12 that the process of gathering the identification
13 information for all of the -- I'll call them day
14 laborers for lack of a better term without hopefully
15 communicating to you that I have any view on this one
16 way or the other because I don't.
17          Get that information and get it ready to be
18 produced in a form that it can be produced forthwith.
19 And if you confirm to me that you'll put a firm
20 litigation hold in place, gather that information and
21 start discovery on plaintiff's claim and the questions
22 of fact that will be in your judgment dispositive of
23 whether the plaintiff has an overtime claim or not,
24 I'll give you that ninety days to file your opposition
25 and cross-motion.

```
 1              MR. ROBERTS:  Thank you, your Honor.  That
 2   is acceptable to Empire Merchants.
 3              THE COURT:  All right.  So right now, your
 4   motion is on the docket, right?  It's served.
 5              MR. HARMAN: Yes.
 6              THE COURT:  So ninety days from now -- let
 7   me open up a calendar so I give you weekdays, okay?
 8   We'll say May 12th for your opposition and cross-motion,
 9   okay?
10              MR. HARMAN:  Your Honor, if I may just
11   briefly.  Your Honor on several occasions said
12   plaintiffs may agree, and I just want to be clear that
13   we don't, that that was not Mr. Campbell's experience,
14   that he would not have been allowed to begin his shift
15   at 7:00, 8:00 or 9:00 unless he showed up at 5:30 or
16   6:00 and during that period, he had to wait and
17   couldn't do anything else.  So while I will agree with
18   your Honor that there is a legal issue that is in
19   dispute, I don't agree that defendant's version of the
20   facts or that the cases that they've cited will lead to
21   a dispositive motion.  And with all due respect to your
22   Honor and to --
23              THE COURT:  A successful dispositive motion.
24              MR. HARMAN:  Yes, successful dispositive
25   motion.
```

1          THE COURT:  Yeah.
2          MR. HARMAN:  I mean a motion that leads to a
3  dismissal of a claim.  We had two lengthy meet and
4  confers and we tried to work with opposing counsel and
5  we just couldn't agree, but I understand your Honor's
6  position and hopefully, we can proceed expeditiously
7  and get this round of discovery over and let the Court
8  decide as it sees fit.  But I just want to be clear
9  that I don't quite see it that -- in those simple
10 terms.
11         THE COURT:  I understand your position and I
12 appreciate your clarification.
13         MR. HARMAN:  Thank you very much, Judge.
14         THE COURT:  You're welcome.  So May 12th for
15 your opposition and cross-motion.  Ordinarily, an
16 opposition is two weeks but if you think that that's
17 going to cut it close on you and I think we're up
18 against the Memorial Day weekend there, maybe three
19 weeks would be more appropriate in this case.  That
20 would take you to June 2nd.
21         MR. HARMAN:  That's fine.
22         THE COURT:  So June 2nd for your reply on the
23 216(b) and your opposition to their dispositive motion,
24 and then you can have until June 9th for your final
25 brief.

```
 1              MR. HARMAN:  Just to be clear, your Honor,
 2   is this is a motion that defendants would be making
 3   against all claims in the case or just on this legal
 4   issue --
 5              THE COURT:  I assume we're going to focus
 6   our efforts on this legal issue and the ability of
 7   plaintiff to assert a valid claim for overtime wages.
 8   I assume that it's not going to be reasonable to
 9   discover the discrimination claim in that interval.
10              MR. HARMAN:  Okay.  Does that mean that Mr.
11   Campbell's deposition would be limited to only those
12   factual issues that arise out of the wage and hour
13   claim and not the factual issues that concern --
14              THE COURT:  What's your preference in that
15   regard?
16              MR. HARMAN:  I want it to be as limited as
17   possible so that we can get it done, so I want it to be
18   limited to the legal issue that was raised --
19              THE COURT:  So ordered.
20              MR. HARMAN:  Thank you.
21              MR. ROBERTS:  Your Honor, would it be
22   possible --
23              THE COURT:  You'll get a second deposition.
24              MR. ROBERTS:  Would it be possible to extend
25   to June 14th for the reply?
```

```
1                    THE COURT:  Yes, absolutely.
2                    MR. ROBERTS:  Thank you.
3                    THE COURT:  May 12, June 2, June 14,
4    expedited discovery on the wage and hour issue, okay?
5                    MR. HARMAN:  Thank you, Judge.
6                    THE COURT:  To make sure we don't get too
7    bogged down, how about you meet and confer, now that
8    you understand my ruling and its parameters, and get me
9    a case management schedule with specific milestones
10   such as who is going to be deposed and when, no later
11   than February 17th, a week from today.  That way, if you
12   can't agree on those things, that will come to the
13   surface quickly and I'll give you an order.  But if you
14   can, we'll have something we've agreed to and can tie
15   ourselves down to, and you can move forward
16   expeditiously and get it done, all right?
17                   MR. HARMAN:  Thank you.
18                   THE COURT:  You'll make the motion
19   returnable to me and I will issue a report and
20   recommendation if it's dispositive and a memorandum and
21   order if it is not, okay?
22                   MR. HARMAN:  Thank you.
23                   MR. ROBERTS:  Thank you.
24                   THE COURT:  Have a great day.  Enjoy the
25   beautiful weather.
```

```
 1                    * * * * * * * * *
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18       I certify that the foregoing is a correct
19   transcript from the electronic sound recording of the
20   proceedings in the above-entitled matter.
21
22
23   [signature]
24
25   ELIZABETH BARRON                        February 21, 2017
```