*Campbell v. Empire Merchants, LLC*, **16-CV-5643 (ENV) (SMG)**

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DERRICK CAMPBELL, for himself and on behalf
of all others similarly situated,

                    Plaintiff,

     v.

EMPIRE MERCHANTS, LLC,

                  Defendant.

Civil No.: 16 CV 5643-ENV-SMG

**DEFENDANT'S RULE 26(a)(1)
INITIAL DISCLOSURES**

Defendant Empire Merchants, LLC ("Defendant"), hereby provides the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure in the above-captioned action.  These disclosures are complete as of this date.  Defendant reserves the right to modify and/or supplement these disclosures if it becomes aware of additional information and documents subject to disclosure.

By making these disclosures, Defendant does not represent that it is identifying every document, tangible thing, or witness possibly relevant to this lawsuit.  Further, Defendant makes the following disclosures without waiving its right to object to the production of any document or tangible thing on the basis of any privilege, the attorney work-product doctrine, privacy, relevancy, undue burden, or any other valid objection.  Rather, Defendant has made a good faith effort to identify information subject to the disclosure requirements of Fed. R. Civ. P. Rule 26(a)(1).  Defendant's disclosures are made expressly without waiving: (1) the right to object on the grounds of competency, privilege, relevancy and materiality, hearsay, or any other proper ground; (2) the right to object to the use of any such information for any purpose, in whole or in part, at any subsequent stage or proceeding in this or any other action; and (3) the right to object

on any and all grounds, at any time, to any other discovery proceeding involving or relating to the subject matter of these disclosures.  Additionally, documents prepared by or for counsel, or other documents subject to the protection of a privilege or the attorney work product doctrine, are not identified.  Subject to the foregoing, Defendant identifies the following:

A. **Individuals Likely to Have Discoverable Information**

Based upon Defendant's review of the particularized allegations contained in plaintiff's Complaint and Defendant's Answer and defenses to the claims of Plaintiff, it appears that the following individuals may have discoverable information in accordance with Fed. R. Civ. P. Rule 26(a)(1).  Identification of any present/former employees of Defendant and the provision of their addresses is not to be construed as permitting *ex parte* communication with them.

1. Plaintiff Derrick Campbell

   Plaintiff has information regarding the allegations set forth in the Complaint he filed in this matter and the facts upon which he bases his claims.

2. Annette Perry, SHRM-CP, PHR, Director Human Resources
   c/o Epstein Becker & Green, P.C.

   Ms. Perry is likely to have information about Defendant's relevant employment policies and practices, including but not limited to, equal employment opportunity, anti-discrimination, payroll and recordkeeping, as well as Plaintiff's employment status and personnel records.

3. Lucy Romano, Security Manager
   c/o Epstein Becker & Green, P.C.

   Ms. Romano is likely to have information about Defendant's shape up policies and practices, including Defendant's policies and practices regarding the receipt of employment applications, determination of work eligibility, and information conveyed to employees who wish to obtain work assignments through the shape up procedure, as well as the assignment of work to employees who are selected for a work assignment through the shape up procedure in Defendant's warehouse facility or on Defendant's delivery trucks.  Ms. Romano is also likely to have information about Plaintiff's employment status and work history.

2

4. Craig Martin, Security Manager
   c/o Epstein Becker & Green, P.C.

   Craig Martin is likely to have information about Defendant's shape up policies and practices, including Defendant's policies and practices regarding the receipt of employment applications, determination of work eligibility, and information conveyed to employees who wish to work assignments through the shape up procedure.

5. Josua Herrera, Security Manager
   c/o Epstein Becker & Green, P.C.

   Mr. Herrera is likely to have information about Defendant's shape up policies and practices, including Defendant's policies and practices regarding the receipt of employment applications, determination of work eligibility, and information conveyed to employees who wish to obtain work assignments through the shape up procedure.

6. Joann Mallery, Security Clerk
   c/o Epstein Becker & Green, P.C.

   Ms. Mallery is likely to have information about Defendant's shape up policies and practices, including Defendant's policies and practices regarding the receipt of employment applications, determination of work eligibility, and information conveyed to employees who wish to obtain work assignments through the shape up procedure.

7. Loredana Manniello, Payroll Coordinator
   c/o Epstein Becker & Green, P.C.

   Ms. Manniello is likely to have information about Defendant's payroll and timekeeping system and records.

8. Salvatore J. Geneva, Director of Operations
   c/o Epstein Becker & Green, P.C.

   Mr. Geneva is likely to have information about Defendant's warehouse and distribution operations, supervision and management of the warehouse and distribution workforce, labor relations with the unions representing the separate bargaining units in Defendant's warehouse and distribution workforce, *i.e.*, Wine, Liquor & Distillery Workers Union Local 1-D, UFCW, AFL-CIO ("UFCW Local 1D") and Teamsters Local Union No. 917, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America ("IBT Local 917"), respectively, and the negotiation and administration of the collective bargaining agreements with those unions. Mr. Geneva is also likely to have information about Defendant's shape up policies and practices and work available through the shape up procedure,

3

including Defendant's practices and the assignment of work in Defendant's warehouse facility or on Defendant's delivery trucks to employees who are selected for a work assignment through the shape up procedure.

9.  Anthony Rapaccioulo, Assistant Director of Operations
    c/o Epstein Becker & Green, P.C.

    Mr. Rapaccioulo is likely to have information about Defendant's warehouse and distribution operations, supervision and management of the warehouse and distribution workforce, labor relations with the unions representing the separate bargaining units in Defendant's warehouse and distributing workforce, *i.e.*, UFCW Local 1D and IBT Local 917, respectively, and the administration of the collective bargaining agreements with those unions.  Mr. Rapaccioulo is also likely to have information about Defendant's shape up policies and practices and work available through the shape up procedure, including Defendant's practices and the assignment of work in Defendant's warehouse facility or on Defendant's delivery trucks to employees who are selected for a work assignment through the shape up procedure.

10. Ronnie Rojas, Distribution Manager
    c/o Epstein Becker & Green, P.C.

    Mr. Rojas is likely to have information about Defendant's shape up policies and practices and work available through the shape up procedure, including Defendant's practices and the assignment of work on Defendant's delivery trucks to employees who are selected for a work assignment through the shape up procedure.

11. Fred Acquavita, Day Warehouse Manager
    c/o Epstein Becker & Green, P.C.

    Mr. Acquavita is likely to have information about Defendant's shape up policies and practices and work available through the shape up procedure, including Defendant's practices and the assignment of work on Defendant's delivery trucks to employees who are selected for a work assignment through the shape up procedure.

12. Tommy Morrison, IBT Local 917 Shop Steward
    c/o Epstein Becker & Green, P.C.

    Mr. Morrison, a member of the IBT Local 917 bargaining unit, is likely to have information about Defendant's shape up practices and the assignment of work on Defendant's delivery trucks to employees who are selected for a work assignment through the shape up procedure.

13. Mike Meyers, Dispatcher
    c/o Epstein Becker & Green, P.C.

    Mr. Meyers, a member of the IBT Local 917 bargaining unit, is likely to have
    information about Defendant's shape up practices and the assignment of work on
    Defendant's delivery trucks to employees who are selected for a work assignment
    through the shape up procedure.

14. Jimmy Ching, Day Warehouse Manager
    c/o Epstein Becker & Green, P.C.

    Mr. Ching is likely to have information about Defendant's shape up policies and
    practices and work available on shape up, including Defendant's practices and the
    assignment of work in Defendant's warehouse facility to employees who are selected
    for a work assignment through the shape up procedure.  Mr. Ching is also likely to
    have information about Michael Martin's meeting with Plaintiff on June 22, 2016.

15. Peter Kornego, Warehouse Checker
    c/o Epstein Becker & Green, P.C.

    Mr. Kornego, a member of the UFCW Local 1D bargaining unit, is likely to have
    information about Defendant's shape up practices and the assignment of work in
    Defendant's warehouse facility to employees who are selected for a work assignment
    through the shape up procedure.

16. Michael Martin, Director of Loss Prevention
    c/o Epstein Becker & Green, P.C.

    Michael Martin is likely to have information about his meeting with Plaintiff on June
    22, 2016, the complaints about Plaintiff made by certain female employees, his
    investigation of those complaints, and the termination of Plaintiff's employment.

17. Maria Kawczynski, Customer Service Clerk
    c/o Epstein Becker & Green, P.C.

    Ms. Kawczynski, a clerical employee and member of the UFCW Local 1D bargaining
    unit, is likely to have information about her interaction with Plaintiff, her complaint
    to Defendant about an interaction with Plaintiff and the information she provided to
    Michael Martin during his investigation of her complaint.

18. Jamie Caraballo, Customer Care Clerk
    c/o Epstein Becker & Green, P.C.

    Ms. Caraballo, a clerical employee and member of the UFCW Local 1D bargaining
    unit, is likely to have information about her interaction with Plaintiff, her complaint
    to Defendant about an interaction with Plaintiff and the information she provided to
    Michael Martin during his investigation of her complaint.

19. Sarah Cortes, Credit and Collections Clerk
    c/o Epstein Becker & Green, P.C.

    Ms. Cortes, a member of the UFCW Local 1D bargaining unit, is likely to have
    information about her interaction with Plaintiff, her complaint to Defendant about an
    interaction with Plaintiff and the information she provided to Michael Martin during
    his investigation of her complaint.

20. Christos Cane, Probationary Per Diem Employee
    c/o Epstein Becker & Green, P.C.

    Mr. Cane is likely to have information about an encounter he observed between
    Plaintiff and certain female employees of Defendant and the information he provided
    to Michael Martin during his investigation of a complaint of sexual harassment on
    June 22, 2016.

21. David Farias, Day Delivery Casual Employee
    c/o Epstein Becker & Green, P.C.

    Mr. Farias, a member of the IBT Local 917 bargaining unit, is likely to have
    information about an encounter he observed between Plaintiff and certain female
    employees of Defendant and the information he provided to Michael Martin during
    his investigation of a complaint of sexual harassment on June 22, 2016.

**B.      Documents, Data Compilation and Tangible Things**

The following documents, categories of documents, data compilations, and/or tangible

things have been identified as those that Defendant has in its possession, custody, or control and

that it may use to support it defenses to Plaintiff's claims in accordance with Fed. R. Civ. P. Rule

26(a)(1):

1. Personnel records maintained by Defendant relating to Plaintiff;

2. Documents concerning the daily shape up procedure during the relevant period;

3. Documents concerning hours worked by, and wages paid to, Plaintiff during the relevant period;

4. Documents concerning Defendant's relevant employment policies and practices, including applicable collective bargaining agreements; and

5. Documents concerning complaints made against Plaintiff by certain female employees of Defendant and the termination of Plaintiff's employment.

Defendant anticipates production of certain documents referenced above after entry of a discovery confidentiality order. Defendant reserves the right to amend or supplement its Initial Disclosures and document production as discovery and investigation progresses. By identifying or referring to documents in these Initial Disclosures, Defendant does not waive any objections it may have to the admissibility of any individual document at trial.

**C. <u>Computation of Damages</u>**

Defendant does not, at this time, claim any category of damages. However, Defendant reserves the right to seek recovery of its costs and attorneys' fees in this action to the fullest extent allowable under applicable law and Court rules.

**D. <u>Insurance Agreements</u>**

Defendant has Employment Practices Liability Insurance coverage with National Union Fire Insurance Company of Pittsburgh, PA. Such coverage is limited to the Sixth Cause of Action, "Gender Discrimination in violation of the NYCHRL" set forth at paragraphs 97 to 100 of the Complaint.

7

Dated:  New York, New York
        February 8, 2017

                                        EPSTEIN BECKER & GREEN, P.C.

                                        By: /s/ *Allen B. Roberts*
                                              Allen B. Roberts
                                              Adriana S. Kosovych

                                        250 Park Avenue
                                        New York, New York 10177-1211
                                        Tel: (212) 351-4500
                                        Fax: (212) 878-8600
                                        aroberts@ebglaw.com
                                        akosovych@ebglaw.com
                                        *Attorneys for Defendant*

8