```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF NEW YORK


------------------------------X
                              :
DERRICK CAMPBELL,             :
                              :     16-CV-5643 (ENV)(SMG)
              Plaintiff,      :
                              :     April 6, 2017
                              :
         V.                   :     Brooklyn, New York
                              :
EMPIRE MERCHANTS, LLC,        :
                              :
              Defendant.      :
------------------------------X


      TRANSCRIPT OF CIVIL CAUSE FOR TELEPHONE CONFERENCE
            BEFORE THE HONORABLE STEVEN M. GOLD
              UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:           WALKER HARMAN, ESQ.




For the Defendant:           ALLEN ROBERTS, ESQ.
                             ADRIANA KOSOVYCH, ESQ.

Audio Operator:


Court Transcriber:           ARIA SERVICES, INC.
                             c/o Elizabeth Barron
                             102 Sparrow Ridge Road
                             Carmel, NY 10512
                             (845) 260-1377




Proceedings recorded by electronic sound recording,
transcript produced by transcription service
```

```
 1              THE COURT:  Campbell v. Empire Merchants
 2   LLC, 16-CV-5643.
 3              Can I have an appearance please for
 4   plaintiffs?
 5              MR. HARMAN:  Walker Harman, the Harman Firm,
 6   representing the plaintiffs.  Good afternoon, Judge.
 7              THE COURT:  Mr. Harman, how are you?
 8              MR. HARMAN:  I'm fine.  How are you?
 9              THE COURT:  Good.  I'm glad I didn't
10   schedule this in person, looking out our window.
11              For defendants?
12              MR. ROBERTS:  Allen Roberts and Adriana
13   Kosovych, Epstein, Becker & Green, for defendant Empire
14   Merchants.
15              THE COURT:  How are you today?
16              MR. ROBERTS:  Good afternoon.  Well, thank
17   you your Honor.
18              THE COURT:  I'm looking at the exchange of
19   correspondence, dockets 24 and 26.  Let me understand a
20   couple of things.  First of all, as I understand it,
21   we're taking some discovery in aid in part of
22   dispositive -- plaintiff's 216(b) motion and
23   defendant's anticipated dispositive motion on whether
24   or not the underlying activities of the plaintiff
25   render him an employee or not.  Do I recall that
```

```
 1   correctly?
 2            MR. HARMAN:  Yes, your Honor, that's
 3   correct.
 4            THE COURT:  I'm hearing some kind of
 5   whistling in the background.  Do you know if that's
 6   coming from one of you?
 7            MR. ROBERTS:  I do, your Honor, and I
 8   apologize.  I'm actually at an airport.
 9            THE COURT:  Okay.
10            MR. ROBERTS:  (Ui).  I'm not sure why they
11   have that signal.
12            THE COURT:  Well, I certainly want you to be
13   able to participate.
14            MR. ROBERTS:  I will mute my line.
15            THE COURT:  All right.
16            MR. ROBERTS:  I will mute this.
17            THE COURT:  I'm wondering a few things.
18   First of all, and I guess I'm going to need you to
19   unmute, Mr. Roberts, to answer, can I infer from your
20   opposition that you can, at a minimum, represent that
21   neither Cain (ph) nor Farious (ph) will be submitting
22   an affidavit in connection with any of this preliminary
23   motion practice, at least so far as the defendants are
24   concerned?
25            MR. ROBERTS:  Exactly, your Honor.  As to
```

```
 1  the defendants, we certainly would not be submitting
 2  affidavits from them.
 3              THE COURT:  Is there a factual dispute about
 4  what this shapeup process involved?  My recollection
 5  from the initial conference is that we did identify a
 6  factual dispute about it and the idea was that the
 7  plaintiff was going to be able to take some discovery
 8  about who would be -- discovery from other individuals
 9  who might be able to clarify about whether people felt
10  that they had to be there in order to get employment.
11  Why isn't the plaintiff entitled to know who the other
12  folks were and how to contact them, who were similarly
13  situated to him, so he could depose a few of them and
14  see if they will corroborate his perspective on this
15  shapeup procedure?
16              MR. ROBERTS:  Your Honor, if I may.  As we
17  understood what transpired at the February 10
18  conference, both in terms of what was before the Court
19  and what was presented by plaintiff and defendant, the
20  approach by plaintiff was going to be that plaintiff
21  had his own individual experience.  He claimed that he
22  was entitled to be a representative of the group.
23  That's his pleading as well.  But we understood that
24  plaintiff's counsel took the position at February 10th
25  hearing that this would be individualized as to
```

1  plaintiff.  There would not be discovery as to contact
2  information for other individuals.
3            As the putative representative who would
4  say, I am leading this and others are similarly
5  situated to me for FLSA collective action purposes or
6  (ui), we understood that -- I believe it was on page 11
7  of the transcript which I don't have with me (ui) that
8  discovery would be individualized and would be
9  plaintiff's presentation of his experience, and
10 plaintiff was incapable of taking depositions of
11 anybody known to him who he wanted to depose.
12 Certainly in our initial disclosures and in our
13 interrogatory responses, we've identified an array of
14 people employed by the company who are responsible for
15 or involved with the shapeup procedure, and that's been
16 known to plaintiff since our initial disclosures made I
17 believe on February 8th.
18           THE COURT:  Before I let Mr. Harman speak,
19 Mr. Roberts, and while you're unmuted, when you say
20 you've identified plaintiff involved in the shapeup
21 procedures, does that include the people who shaped up
22 or the people from the defendant's supervisory and
23 management ranks who interacted with the people who
24 shaped up?
25           MR. ROBERTS:  It's supervision and

```
 1   management and some bargaining unit people who are
 2   involved with the shapeup process.
 3             THE COURT:  All right.
 4             MR. ROBERTS:  But not individuals who could
 5   be subject to conditional certification, where we
 6   understood if the motion were to be granted, there
 7   would be the disclosure of names and contact
 8   information.  But we had understood at the time of the
 9   conference on the 10th that it was off limits for there
10   to be the request and disclosure of contact information
11   for the individuals who could be collective action or
12   class action members.
13             THE COURT:  Thank you.
14             Mr. Harman, can I hear your response,
15   please.  In particular, you can tell me whether you
16   still think you require information for Cain and
17   Farious now that you have a representation that you
18   will not be confronting affidavits from them in
19   connection with these preliminary motions.
20             MR. HARMAN:  The representation that they
21   won't be using affidavits or sworn statements from the
22   individuals is irrelevant, from my perspective.  I
23   don't believe that any legal basis has been articulated
24   to prevent us from getting contact information for two
25   individuals that were identified in defendant's initial
```

1 disclosures as having worked alongside the plaintiff.
2 We agree that we are only conducting discovery on
3 plaintiff's individual claim but we should be entitled
4 to interview and/or subpoena and/or depose witnesses
5 that worked alongside the plaintiff regarding
6 plaintiff's individual claim.
7 　　　　　What I find even more sort of confusing I
8 guess is that I don't really understand why all of this
9 matters so much because if defendant prevails on its
10 motion for summary judgment on my ability, then nobody
11 has any claims.  So the idea that somehow we're trying
12 to go in the back door and use this to develop a
13 collective action prematurely in phase one just doesn't
14 make a lot of sense.  All we want to do is interview
15 witnesses to the plaintiff's claim and those two
16 individuals were identified by the defendant as having
17 information that's relevant.
18 　　　　　THE COURT:  Well, as I understand
19 defendant's position, defendants claim that those
20 witnesses have information that is relevant to the
21 termination claim.
22 　　　　　Do I understand that correctly, Mr. Roberts?
23 　　　　　MR. ROBERTS:  Yes, your Honor.
24 　　　　　THE COURT:  I'm a little uncomfortable that
25 these two folks are being singled out because they have

1   information about the termination claim.  But if
2   plaintiff -- I assume the plaintiff claims he was there
3   engaged in this shaping up activity, Mr. Harman, on a
4   regular basis.  Is that right?
5           MR. HARMAN:  Yes.
6           THE COURT:  So is it wrong to think that he
7   knows of people who could corroborate his contentions
8   about how the process worked, fellow employees, to use
9   that term loosely for purposes of identifying how
10  plaintiff saw himself?
11          MR. HARMAN:  I can tell you definitively
12  that he does not have contact information for any of
13  his --
14          THE COURT:  I understand that.  But if you
15  were to give names to the defendant of people whose
16  contentions he thought would corroborate his claims in
17  meeting any summary judgment motion or corroborating
18  any disputed testimony about when plaintiff's
19  experiences were typical, you could identify the people
20  by name and then ask for their contact information so
21  that you could serve them with deposition subpoenas.
22  Am I right?
23          MR. HARMAN:  We don't have any full names to
24  provide to the defendant.  Everybody used first names
25  and he doesn't recall any complete names.

1           THE COURT:  I see.
2           MR. HARMAN:  Your Honor, I'm happy to
3  stipulate that we will limit our investigatory inquiry
4  to only those issues regarding the circumstances of the
5  shapeup and not inquire into the termination claim.
6           THE COURT:  I understand.  I get that.  I
7  hear you.
8           Mr. Roberts, I take it you're not prepared
9  to stipulate that plaintiff's description of the
10 shapeup procedure is accurate for purposes of the
11 motions you anticipate defending and bringing.
12          MR. ROBERTS:  Your Honor, we've taken the
13 plaintiff's deposition and we are comfortable with that
14 deposition transcript.  We believe that -- we've said
15 this to counsel.  As we see the case, on a summary
16 judgment motion, where plaintiff wants to be considered
17 (ui) --
18          THE COURT:  I'm sorry, you just broke up.
19 Mr. Roberts, you broke up a little bit there.  You're
20 satisfied with plaintiff's deposition.
21          MR. ROBERTS:  I'm sorry.
22          THE COURT:  You believe on a summary
23 judgment motion --
24          MR. ROBERTS:  We believe that the motion can
25 be presented based on what we expect plaintiff will say

1  based on his deposition testimony.  We believe there
2  will be undisputed material facts that will be
3  sufficient for the summary judgment briefing.  So we do
4  not see a reason to introduce other shapeup workers.
5  They're either going to corroborate plaintiff, which
6  doesn't matter for summary judgment purposes, or
7  they're going to disagree with him.  Then the question
8  will be why that disagreement creates disputed material
9  facts.
10             But we are comfortable saying that
11 plaintiff's deposition testimony allows us to proceed
12 with summary judgment.  Again, if it's the
13 corroborating witness (ui), and if it's a witness who
14 doesn't support plaintiff, the question would be
15 whether that would be somehow refuting what plaintiff
16 said.  The issue would still be whether there are
17 undisputed material facts.  We believe they would be
18 undisputed material facts, so we are prepared to
19 proceed with plaintiff.
20             THE COURT:  Let me ask you a question then
21 to follow up on that if I might.  My recollection is
22 that there's a statute of limitations tolling agreement
23 pending the outcome of these preliminary motions.  Do I
24 remember that correctly?
25             MR. ROBERTS:  We (ui) to tolling.  We

1   haven't received a stipulation from counsel but we are
2   prepared certainly to enter into it as of the February
3   10th conference or whatever appropriate date there was.
4               THE COURT:  If plaintiff were to say, if
5   they're not going to use any other shapeup workers and
6   move for summary judgment based upon plaintiff's
7   description of what happened to him, plus of course
8   whatever supervisory and executive testimony is going
9   to be developed on the defense side, and plaintiff
10  elects to defer pressing forward his 216(b) motion
11  until he survives the summary judgment motion, at which
12  point he might seek additional discovery to show that
13  he is similarly situated, then you'll agree to keep the
14  tolling provision in place even for that extended
15  period.  Is that a fair inference?
16              MR. ROBERTS:  Yes, your Honor.
17              THE COURT:  Mr. Harman, I'm really hard
18  pressed to disagree with Mr. Roberts' position on the
19  summary judgment motion.
20              MR. HARMAN:  Frankly, I think that his
21  position is unprecedented in my experience, the idea
22  that we wouldn't be allowed to take statements from
23  individuals who worked alongside the plaintiff just
24  with respect to shapeup procedure is extraordinary in
25  my experience and I just respectfully disagree with the

1  position.
2          THE COURT:  All right.  It's in the context
3  of him having taken your client's deposition and
4  essentially saying that it doesn't raise a material
5  dispute of fact.  Otherwise, you'll defeat the motion.
6          MR. HARMAN:  I've never had an adversary
7  produce a list of witnesses and then argue that they
8  should be able to pick and choose which witnesses we
9  are able to contact and/or depose.  I've never had that
10 happen in twenty years of practicing.  It's
11 extraordinary and unprecedented.
12         THE COURT:  Mr. Harman, it actually happens
13 all the time.  For example, where a plaintiff lists his
14 treating doctor and then we bifurcate liability and
15 damages, the doctor wouldn't be deposed.  I am not
16 going to compel the disclosure of this information at
17 this point.  I will leave it to plaintiff whether to
18 press the 216(b) issue before the summary judgment
19 motion is fully briefed or not.
20         Is there a date certain, Mr. Roberts, by
21 which you'll be filing a pre-motion conference
22 application with Judge Vitaliano on your anticipated
23 summary judgment motion or have you in fact already
24 done so?
25         MR. ROBERTS:  Your Honor, we're certainly

| | |
|---|---|
| 1 | prepared to do that.  We understand that May 12th is the |
| 2 | date that summary judgment motion papers should be |
| 3 | filed based on the minute entry from February 10th and |
| 4 | our court conference. |
| 5 | THE COURT:  Right. |
| 6 | MR. ROBERTS:  That is with the understanding |
| 7 | that depositions end April 28th and all discovery ends |
| 8 | on May 5th, as I recall.  Again, I apologize.  I'm in an |
| 9 | airport. |
| 10 | THE COURT:  No, I think you're quite |
| 11 | correct.  But if the plaintiff needs time to conclude |
| 12 | discovery and needs to push the schedule out a bit, |
| 13 | that's fine.  I do assume that you will produce those |
| 14 | individuals whose affidavits you will intend to use in |
| 15 | connection with the Rule 56 motion you anticipate, |
| 16 | either in moving or replying. |
| 17 | MR. ROBERTS:  Your Honor, we have no |
| 18 | deposition notices, although we did our initial |
| 19 | disclosures I think on February 8th and we produced |
| 20 | interrogatory responses and document production |
| 21 | responses on I think it was March 24th.  There's been no |
| 22 | notice of deposition so I'm not certain what plaintiff |
| 23 | intends and how we can accommodate the Court on this. |
| 24 | THE COURT:  All I meant to say was that |
| 25 | certainly you wouldn't object were a deposition noticed |

```
 1   and you anticipated an affidavit in support of or in
 2   reply for your summary judgment motion.  That witness
 3   would of course be produced and not be the subject of
 4   any protective order.
 5              MR. ROBERTS:  Yes, your Honor.
 6              THE COURT:  Mr. Harman, I know you're
 7   frustrated with the ruling.  I can hear it in your
 8   voice.  But is there anything else?
 9              MR. HARMAN:  No.  I just want to clarify
10   that your Honor's example with respect to, in a medical
11   malpractice case, with respect to bifurcating liability
12   and damages, it doesn't appear to be analogous to me in
13   this situation.  We've made it very clear that we're
14   seeking testimony from these two individuals on
15   plaintiff's individual claim of liability only.  We're
16   not seeking to take their testimony on behalf of a
17   putative class, on behalf of a group, on behalf of any
18   purported individual claims or with respect to damages.
19   So I just wanted that to be clear.
20              THE COURT:  I understood that but I'm sure
21   you also understood Mr. Roberts' representation that
22   they're identified as witnesses in connection with the
23   discrimination/termination claim, not the FLSA claim.
24              Mr. Roberts, anything else?
25              MR. ROBERTS:  No, thank you, your Honor.
```

```
 1              THE COURT:  Have a good afternoon.  I hope
 2   you have a safe flight and that the weather doesn't
 3   impede it.
 4              MR. ROBERTS:  Thank you, your Honor.
 5              MR. HARMAN:  Thank you.
 6                   *  *  *  *  *  *  *  *  *
```

```
 1
 2
 3
 4
 5
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18        I certify that the foregoing is a correct
19   transcript from the electronic sound recording of the
20   proceedings in the above-entitled matter.
21
22
23   [signature]
24
25   ELIZABETH BARRON                        April 10, 2017
```