

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Allen B. Roberts
t 212.351.3780
f 212.878.8600
aroberts@ebglaw.com

April 25, 2017

**Via ECF**
The Honorable Steven M. Gold, U.S.M.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> Re: *Campbell et al. v. Empire Merchants, LLC*,
> No. 1:16 Civ. 5643-ENV-SMG

Dear Judge Gold:

Representing Defendant Empire Merchants, LLC ("Empire"), we write with the authorization of Plaintiff to request an order that:

1. Plaintiff's February 6, 2017 Motion for Preliminary Collective Action Certification of the Fair Labor Standards Act ("FLSA") putative collective action (Docket No. 17) will be held in abeyance during the pendency of Empire's anticipated motion for summary judgment.

2. Plaintiff's February 6, 2017 Motion for Preliminary Collective Action Certification of the FLSA putative collective action will be revived only if Empire's motion for summary judgment is denied.

3. If Empire's motion for summary judgment is denied, the parties will confer and submit for Court consideration a schedule for discovery and further submissions by both parties on Plaintiff's Motion for Preliminary Collective Action Certification.

By way of background, during the April 6 telephone conference convened to address Plaintiff's motion to compel the disclosure of contact information for certain of Empire's employees, the Court inquired whether Empire would be willing to extend tolling of the FLSA statute of limitations during the pendency of its anticipated summary judgment motion if Plaintiff were to agree to defer pressing forward with his conditional certification motion until the motion for summary judgment was decided. (*See* Transcript of 4/6/17 Conference, at pp. 11-12). Empire consented and the Court left to Plaintiff "whether to press the 216(b) issue before

FIRM:43334442

The Honorable Steven M. Gold, U.S.M.J.
April 25, 2017
Page 2

the summary judgment motion is fully briefed or not." (*Id.* at 12-13). Since then, the parties have entered into a stipulation and order for the tolling of the statute of limitations, which the Court so ordered on April 14 (Docket No. 30).

On April 24, Plaintiff's counsel informed the undersigned that they intend holding Plaintiff's motion for conditional certification in abeyance during the pendency of Empire's anticipated motion for summary judgment, and authorized us to notify the Court and request modification of the Court's 4/20/17 Order (Docket No. 32), or in the alternative, issuance of a separate order suspending briefing on that motion.

Accordingly, Empire respectfully requests that the Court suspend briefing on Plaintiff's motion for conditional collective action certification and hold that motion in abeyance pending resolution of Empire's anticipated motion for summary judgment, as set forth herein.

Respectfully submitted,

/s/ Allen B. Roberts

Allen B. Roberts

cc:     All Counsel of Record (via ECF)