

**EPSTEIN
BECKER
GREEN**

Attorneys at Law

Allen B. Roberts
t  212.351.3780
f  212.878.8600
aroberts@ebglaw.com

June 2, 2017

**Via ECF**

The Honorable Eric N. Vitaliano, U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:  *Campbell et al. v. Empire Merchants, LLC,*
           No. 1:16 Civ. 5643-ENV-SMG

Dear Judge Vitaliano:

      On behalf of Defendant Empire Merchants, LLC ("Defendant" or "Empire"), we respectfully request a pre-motion conference in connection with an anticipated Rule 56 motion for summary judgment, dismissing the claims in Plaintiff Derrick Campbell's "Class Action Complaint" (DE 1) (the "Complaint"), alleging, as relevant to the instant request: (1) unpaid overtime pay pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA"); (2) unpaid overtime pay pursuant to the New York Labor Law ("NYLL"), Art. 6, § 190 *et seq.*, Art. 19, § 650 *et seq.*; (3) unpaid "spread-of-hours" pursuant to N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.4 (Jul. 24, 2009); (4) unpaid wages pursuant to NYLL § 191(1)(d); and (5) wage notice and recordkeeping violations pursuant to NYLL §§ 195(1)(a) and (4).

      **A.  Relevant Procedural History**

      When the parties met and conferred on January 6, 2017, preliminary to the February 10 Initial Conference scheduled by Magistrate Judge Gold, Plaintiff's counsel informed Defendant's counsel of the intention to file an early motion for conditional certification of Plaintiff's First Cause of Action, a putative FLSA collective action. Believing that Plaintiff's FLSA and NYLL claims are susceptible to efficient disposition by summary judgment motion, Defendant suggested in response that the parties first engage in discovery targeted to the dispositive issue of Plaintiff's FLSA and related NYLL claims: whether Plaintiff can establish that he is entitled to wage payments on his theory that he was engaged to wait, on each day he worked but before he received a work assignment, by appearing at Defendant's Warehouse during a "shape up" procedure conducted by Defendant to determine whether individuals seeking work will receive work assignments to supplement its regular workforce. Because the parties could not agree, Defendant addressed the issue in a letter to Magistrate Judge Gold, filed February 3, 2017,

The Honorable Eric N. Vitaliano, U.S.D.J.
June 2, 2017
Page 2

explaining that the targeted discovery it proposed, followed by summary judgment adjudication of whether time at a shape up is compensable, could obviate the need for the parties and the Court to expend time and resources preparing, briefing, arguing and considering a motion by Plaintiff for conditional certification of the FLSA putative collective action. (DE 16). Thereafter, on February 6, Plaintiff filed a Motion for Preliminary Collective Action Certification, limited to his single FLSA claim. (DE 17).

During the February 10 Initial Conference, Magistrate Judge Gold heard the parties' respective positions and deferred briefing on Plaintiff's conditional certification motion, ordering the parties to engage in targeted discovery "relevant to [D]efendant's anticipated motion to dismiss or for summary judgment on [P]laintiff's wage and hour claims." (DE 21). At the Court's direction, the parties submitted a proposed discovery schedule pursuant to which the authorized discovery was to be completed by May 5, 2017 (DE 22), which the Court adopted by Electronic Order on February 21. By Electronic Order dated April 20, 2017, the discovery deadlines were extended and the targeted discovery period closed on May 19, 2017. (DE 32).

### B. Plaintiff's FLSA and NYLL Overtime Pay and NYLL Unpaid Wage Claims Fail Because Plaintiff Was Waiting to Be Engaged When He Participated in Defendant's Shape Up Procedure

#### 1. Background

Defendant, a distributor of wine and spirits, employs a regular workforce that includes warehouse workers represented by Wine, Liquor & Distillery Workers Union Local 1-D, UFCW, AFL-CIO, and distribution drivers and helpers represented by Teamsters Local Union No. 917, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America. For more than 36 years, Defendant has supplemented its regular workforce in both bargaining units on an as-needed basis by assigning work, when available, to individuals who have indicated their desire to work on a given day by reporting to Defendant's facility during the shape up process conducted on that day. Because the amount of work available varies on a daily basis, there is no assurance that an individual appearing when Defendant conducts a shape up procedure will receive a work assignment on any particular day.

#### 2. Plaintiff Received Compensation for All Hours Worked and May Not Maintain Claims for Unpaid Wages and Overtime Pay Under the FLSA and NYLL

As an employee free to appear when he wished and to wait to see if employment was available to him through Defendant's shape up procedure, Plaintiff was not entitled to compensation until he was engaged to work. The FLSA requires that employers pay employees only for "hours worked," 29 U.S.C. §§ 206, 207(a)(1), and the NYLL is in accord, 12 NYCRR §§ 142-2.1(b), 142-2.2. Courts have long recognized "shape up work" as a daily arrangement whereby the individual who seeks employment on a per diem basis "shapes up" to see if work is available, with no assurance that work will be available and assigned on any particular day. *See, e.g.*, *NLRB v. News Syndicate Co.*, 279 F.2d 323, 331 (2d Cir. 1960) (describing the operation of a shape up when prevalent in the newspaper industry); *Sacco v. Pataki*, 114 F. Supp. 2d 264, 266 (S.D.N.Y. 2000) (describing the shape up arrangement for trade shows at the Javits Center).

The Honorable Eric N. Vitaliano, U.S.D.J.
June 2, 2017
Page 3

In support of summary judgment, Defendant will offer uncontested facts showing that Plaintiff was free to: (i) choose which days he wished to seek work at Defendant's facility; (ii) arrive at Defendant's premises at times of his own choosing, either before or during the shape up procedure; (iii) decline to accept a work assignment; (iv) opt to not to show up at all if he did not wish to seek work on a particular day; (v) use his time during the shape up procedure for his own purposes while waiting for a potential work assignment; or (vi) leave with any frequency and at any time after arrival. Plaintiff set the days and times he would appear at Defendant's facility, unlike Defendant's regular workforce who would be subject to discipline for such conduct. Also, the personal activities in which Plaintiff was permitted to engage – and admittedly did engage – while awaiting a work assignment were not permitted and were subject to discipline if done during compensated work time. Because Plaintiff was off duty and freely engaged in personal activities while he chose to wait for a potential work assignment during Defendant's shape up procedure, his claims for unpaid wages and overtime pay under the FLSA and NYLL are without merit and subject to dismissal. *See, e.g., Zhong v. Zijun Mo*, 2012 U.S. Dist. LEXIS 99966, *14-16 (E.D.N.Y. July 18, 2012).

### C. Plaintiff Is Not Entitled to Spread-of-Hours Pay Pursuant to the NYLL

A New York regulation setting forth a spread-of-hours provision for "one hour's pay at the basic minimum hourly wage rate, in addition to the minimum wage," for any day in which an employee works more than 10 hours, 12 N.Y.C.R.R. § 142-2.4, applies only to employees paid at the minimum wage. *See Morel v. Manhattan Beer Distribs.*, No. 13-CV-2296 (VSB), slip op. at 41-42 (E.D.N.Y. Sept. 18, 2015); *Williams v. Tri-State Biodiesel, LLC*, 2015 U.S. Dist. LEXIS 7926, *43 (S.D.N.Y. Jan. 23, 2015). Uncontested facts will show that Defendant paid Plaintiff well in excess of the New York State minimum wage, and his spread-of-hours cause of action is subject to summary judgment dismissal.

### D. Plaintiff's NYLL Wage Notice and Recordkeeping Violation Claims Lack Merit

While Plaintiff alleges that Defendant failed to provide him with notices under the NYLL and failed to keep accurate records of hours worked, uncontested facts will show that he received and signed notices of his rates of pay, and that his work times, recorded on each of his time clock punch cards, were the basis for the proper and uncontested payments he received in each pay period. Therefore, summary judgment dismissal of Plaintiff's wage notice and recordkeeping claims is appropriate.

Respectfully submitted,

/s/ Allen B. Roberts

Allen B. Roberts

cc:   All Counsel of Record (via ECF)

Firm:43469194