FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAY 22, 2019 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
DERRICK CAMPBELL, *on behalf of himself and all others similarly situated*,

                          Plaintiff,

             -against-

EMPIRE MERCHANTS, LLC,

                          Defendant.
------------------------------------------------------------- x

MEMORANDUM & ORDER

16-CV-5643 (ENV)(SMG)

VITALIANO, D.J.

      Derrick Campbell commenced this action against Empire Merchants, LLC ("Empire"), alleging unpaid overtime under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), failure to pay wages and wage notice and recordkeeping violations under NYLL, and gender discrimination under New York City Human Rights Law ("NYCHRL"). Dkt. 1 ("Compl."). Defendant filed a motion for partial summary judgment on plaintiff's FLSA and NYLL claims, which the Court referred to Magistrate Judge Steven M. Gold for report and recommendation. Dkt. 40; Jan. 16, 2018 Order. Before the Court is Judge Gold's report and recommendation, recommending that the motion be granted in part and terminated as moot in part.[1] Dkt. 56 (the "R&R"). For the reasons stated below, the R&R is adopted in full. Furthermore, the Court declines to exercise supplemental jurisdiction over plaintiff's remaining NYCHRL claim, which is dismissed without prejudice to renewal in state court.

---

[1] Plaintiff asserted a claim for unpaid spread of hours pay under NYLL, Compl. ¶¶ 81-85, but voluntarily withdrew that claim during motion practice, R&R at 2 n.1. Accordingly, as recommended by Judge Gold, this branch of the motion is terminated as moot. *See* R&R at 16.

1

## Background

The Court presumes the parties' familiarity with the underlying facts and procedural history, which is recounted here only insofar as is helpful to an understanding of the R&R. Empire, a liquor distributor, "supplements its regular workforce on an as-need basis . . . through a 'shape-up procedure,'" which allows a qualifying individual to "appear at Empire's premises on any day he or she hopes to work and sign his or her name on a sign-in sheet" to await selection for work. R&R at 2-3. Selection is not guaranteed. *Id.* at 3. In this action, Campbell seeks compensation for shape-up time, arguing that it constitutes compensable work rather than non-compensable preliminary activity, as "he was unable as a practical matter to leave [Empire's premises] while waiting for an assignment, because doing so would risk not hearing his name called."[2] R&R at 8.

Swiftly cutting to the chase, Judge Gold concluded that shape-up time is not compensable under FLSA, relying on the Supreme Court's decision in *Integrity Staffing Solutions, Inc. v. Busk*, 135 S. Ct. 513 (2014). In *Integrity Staffing*, the Supreme Court held that warehouse workers were not entitled to compensation for time spent undergoing theft-prevention security screenings at the end of their shifts, because such screenings were not the principal activities the workers were employed to perform. 135 S. Ct. at 518. Similarly, Judge Gold reasoned here, "Empire did not employ workers to shape up, but to perform the assignments they received . . . through the shape-up process." R&R at 10. "That plaintiff was required to be present in a

---

[2] Campbell attempts to fit his principal grievance into multiple claims. Specifically, his claims for unpaid overtime under FLSA and NYLL and failure to pay wages under NYLL are all based on the shape-up time grievance.

particular place at a particular time to receive a work assignment is insufficient to qualify the time he spent there as integral and indispensable to his principal work activities," Judge Gold observed. *Id.* at 12. Campbell, he properly concluded, was not entitled to compensation for shape-up time under either FLSA or NYLL. *Id.* at 13-14.

In addition, Judge Gold correctly called attention to the fact that "[NYLL] § 191 does not provide a cause of action for wages altogether withheld, as opposed to wages not timely paid." *Id.* at 14. As to the NYLL wage notice and recordkeeping claim, Judge Gold found that plaintiff had "received an earnings statement after working for one week that contained defendant's address and telephone number," thus satisfying defendant's statutory obligation to provide such information to plaintiff within 10 days of his first day of employment. *Id.* at 15. Judge Gold, accordingly, recommended that summary judgment be granted to Empire as to the foregoing FLSA and NYLL claims and terminated as moot as to the withdrawn spread of hours claim.

Following the entry of the R&R on the docket, Empire filed a document labeled "objection," which the Court's review determines is an objection in form only. Confusingly and unnecessarily, Empire purports to "object" to the R&R "to the extent it omits reliance upon important undisputed facts and legal authorities compelling" the very outcome recommended in the R&R—*i.e.*, "dismissal of Plaintiff's claims for overtime pay and unpaid wages under the FLSA and NYLL." Dkt. 58 at 3; *see also id.* at 5 (complaining that R&R recognizes but "does not rely upon" certain undisputed facts and "does not mention other fundamental undisputed facts" in recommending outcome in Empire's favor). Empire concedes that it made the same arguments repeated in this supposed objection, though "more completely," in its motion papers. *Id.* at 3. Plaintiff, on the other hand, did not file any objection to the R&R, affirmatively confirming his lack of objection to it in a telephone conference held before Judge Gold. *See* Dkt.

3

60. He also acknowledged that, upon adoption of the R&R, "there will be no basis for jurisdiction over [his] NYCHRL claim." *Id.*

## Standard of Review

In reviewing a magistrate judge's R&R, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The district judge need only be satisfied "that there is no clear error on the face of the record" to accept the reviewed R&R, provided no timely objection has been made in writing. *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)); *see also Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). The district judge, moreover, is required to "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 116 (2d Cir. 2010). Objections that are general or conclusory, or that "merely recite the same arguments presented to the magistrate judge," do not constitute proper objections and are reviewed only for clear error. *Sanders v. City of New York*, No. 12-CV-113 (PKC)(LB), 2015 WL 1469506, at *1 (E.D.N.Y. Mar. 30, 2015) (citation omitted). Clear error exists "where, upon a review of the entire record, [the district judge] is left with the definite and firm conviction that a mistake has been committed." *Saveria JFK, Inc. v. Flughafen Wien, AG*, No. 15-CV-6195 (RRM)(RLM), 2017 WL 1194656, at *2 (E.D.N.Y. Mar. 30, 2017).

## Discussion

As noted above, Empire's objection does not point to any erroneous factual finding or application of law, instead seeking to enlarge certain discussions set forth in the R&R while reaching the same ultimate outcome. The purpose of an objection, however, is to identify error,

4

not to line edit. Thus, the Court finds that no proper objection has been lodged by Empire. And, no objection of any kind has been made by plaintiff. In the absence of any proper written objection, the applicable standard of review of the R&R is that of clear error.

Having carefully reviewed the R&R in accordance with that standard, the Court finds it to be correct, well-reasoned, and free of any clear error. The Court, therefore, adopts the R&R, in its entirety, as the opinion of the Court. Moreover, in light of the dismissal of Campbell's federal claim, the Court declines to exercise supplemental jurisdiction over his sole remaining claim, which is brought under NYCHRL. *See* 28 U.S.C. § 1367 (c)(3).

## Conclusion

In line with the foregoing, the R&R, granting in part and terminating as moot in part defendant's motion for summary judgment on plaintiff's FLSA and NYLL claims, is adopted in its entirety as the opinion of the Court. Plaintiff's NYCHRL claim is dismissed without prejudice to refiling in a state court with appropriate jurisdiction.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

So Ordered.

Dated: Brooklyn, New York

May 18, 2019

/s/ USDJ ERIC N. VITALIANO
ERIC N. VITALIANO

United States District Judge

5