

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------ x
DERRICK CAMPBELL,

                        Plaintiff,

      -against-

EMPIRE MERCHANTS, LLC,

                       Defendants.
------------------------------------------------------------ x

MEMORANDUM & ORDER

16-cv-5643 (ENV) (SMG)

VITALIANO, D.J.

      Plaintiff Derrick Campbell filed this action against Empire Merchants, LLC, alleging unpaid overtime compensation under the Fair Labor Standards Act and New York's Labor Law, and, also under the latter state law, failure to pay wages and wage notice and recordkeeping violations. Dkt. 1 ("Compl."). Further, he sued for gender discrimination under the New York City Human Rights Law. *Id.* On May 18, 2019, the Court adopted in full Magistrate Judge Steven M. Gold's Report and Recommendation finding that summary judgment be granted in part to Empire Merchants, and mooted in part as to Campbell's voluntarily withdrawn claim for unpaid spread of hours pay under state law. Dkt. 61 ("Mem & Order."), at 1 & n.1. As a result, judgment was entered in favor of Empire Merchants and against Campbell on May 22, 2019. Dkt. 62.

      On June 6, 2019, Empire Merchants presented a Bill of Costs, with supporting documentation, requesting $7005.99 to be paid by Campbell. Dkts. 63, 64. Campbell opposed the Bill of Costs, arguing that equity favors he be absolved from payment, and, in the alternative, that $4248.50 in printing costs be disallowed. Dkt. 65. For the reasons that follow, Empire Merchants' request for the entry of a Bill of Costs is granted, but $4248.50 in printing costs is disallowed.

1

Discussion

I. Propriety of Taxation of Costs

Rule 54(d)(1) allows, as a general rule, an award of costs to a prevailing party. Fed. R. Civ. P. 54(d)(1); *Wilder v. GL Bus Lines*, 258 F.3d 126, 129 (2d Cir. 2001) (per curiam). Within the ambit of this rule, though, "the decision of whether to award costs . . . 'is committed to the sound discretion of the district court.'" *Cosgrove v. Sears, Roebuck & Co.*, 191 F.3d 98, 102 (2d Cir. 1999) (quoting *ARP Films, Inc. v. Marvel Entertainment Group, Inc.*, 952 F.2d 643, 651 (2d Cir. 1991)). The Court may, in considering the equities of the case, deny costs due to factors such as financial hardship and the plaintiff's good faith in bringing the lawsuit. *Moore v. Cty. of Delaware*, 586 F.3d 219, 222 (2d Cir. 2009); *Eldaghar v. City of New York Dep't of Citywide Admin. Servs.*, No. 02-cv-9151 (KMW), 2010 WL 1780950, at *1 (S.D.N.Y. May 4, 2010). The losing party carries the burden of showing that costs should not be imposed. *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 136 S. Ct. 627, 193 L. Ed. 2d 496 (2016).

"As a general matter a district court may deny costs on account of a losing party's indigency, but indigency *per se* does not automatically preclude an award of costs." *Id.*; *see also Glucover v. Coca-Cola Bottling Co. of N.Y.*, No. 91-cv-6331 (PKL), 1996 WL 1998, at *3 (S.D.N.Y. Jan. 3, 1996). The losing party's burden is not met in the absence of any evidence documenting his alleged lack of financial resources. *Hogan v. Novartis Pharm. Corp.*, 548 F. App'x 672, 674 (2d Cir. 2013). Where, as here, a plaintiff provides no documentary support for his claimed indigency and, instead, relies solely on bald assertions to that effect in his affidavits, a district court should not excuse the taxing of costs on that basis. *See Pierre v. City of New York*, No. 05-cv-5018 (JFB) (KAM), 2008 WL 1700441, at *3–4 (E.D.N.Y. Apr. 9, 2008); *Glucover*, 1996 WL 1998, at *2; *cf. Eldaghar*, 2010 WL 1780950, at *2–3 (finding financial

hardship was supported both by plaintiff's sworn statement and financial records). Moreover, a losing party is not, in the absence of proof of indigency, absolved from costs merely because the disparity between the parties' financial resources renders any such award unfair. *Pierre*, 2008 WL 1700441, at *3; *see also Karmel v. City of New York*, No. 00-cv-9063 (KMK), 2008 WL 216929, at *2 (S.D.N.Y. Jan. 9, 2008) ("[T]he Court will consider the financial disparity between the Parties as a factor in the Court's determination, but a claim of financial disparity alone will not satisfy Plaintiff's burden of showing that costs should not be awarded."). Analyzed in the light of case law, therefore, the Court does not find persuasive Campbell's argument that Empire Merchants' status as a top-ten highest earning wine distributor in the United States absolves him of his obligation under Rule 54.

In addition, though Campbell might wish it to be so, that he filed this action in good faith alone does not compel the denial of costs. *Whitfield*, 241 F.3d at 272; *Castro v. City of New York*, No. 10-cv-4898 NG VVP, 2014 WL 4659293, at *3 (E.D.N.Y. Sept. 17, 2014). Consequently, although Campbell draws attention to his voluntary dismissal of some of his state law claims, such action speaks only to his good faith, not the propriety of the imposition of costs. In the absence of any other equitable consideration, Campbell cannot avoid the taxation of costs on this basis alone. *See Pierre*, 2008 WL 1700441, at *3 ("In the instant case, plaintiffs' good faith in pursuing this lawsuit is insufficient, when considered in conjunction with all of the factors, to warrant vacating the costs.").

II. <u>Printing Costs</u>

The fact that Empire Merchants is to be awarded costs does not mean it is entitled to a blank check. Clearly, "[i]tems proposed by winning parties as costs should always be given careful scrutiny" even when the losing party fails to carry its burden of showing why the imposition of costs is improper. *Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 235, 85 S. Ct.

411, 416, 13 L. Ed. 2d 248 (1964). Campbell calls attention to Empire Merchants' request, in accordance with 28 U.S.C. § 1920(3), for $4248.50 in "fees and disbursements for printing," Dkt. 63, at 1, which includes

> costs for ... printing and photocopying costs related to Defendant's written responses to Plaintiff's document requests and interrogatories during the targeted discovery period, production of hard-copy documents responsive to Plaintiff's requests and relevant to Defendant's defenses; and printing and photocopying costs related to Defendant's drafting, compiling, finalizing and filing the fully-briefed summary judgment motion and submission of courtesy copies to the Court.

Dkt. 64-1, Roberts Decl., at 2–3. Campbell directs the Court's attention to Local Rule 51.4(c), which enumerates taxable costs, arguing that Empire Merchants' requested $4248.50 was incurred by the production of "copies used for the convenience of counsel or the Court," and consequently, pursuant to Local Rule 54.1(c)(5), is not taxable. Dkt. 65, at 5; Local Civil Rule 51.4(c)(5). He also argues that Empire Merchants' description of its requested printing and copying costs lacked specificity and should be denied on that basis, too. Dkt. 65, at 5.

At any rate, to recover fees and disbursements for printing from a losing party, the prevailing party must establish "which costs for the production of documents were necessary" for the case. *Advanced Video Techs., LLC v. HTC Corp.*, No. 11-cv-6604 (CM) (RLE), 2016 WL 1253899, at *5–6 (S.D.N.Y. Feb. 23, 2016), *report and recommendation adopted sub nom. Advanced Video Techs. v. HTC Corp.*, No. 11-cv-8908 (CM), 2016 WL 1271498 (S.D.N.Y. Mar. 30, 2016). Significantly, the absence of such a showing may absolve the losing party from reimbursing those costs. *Id.* Here, although Empire Merchants provided a detailed printout of itemized printing and copying costs, *see* Dkts. 64-6 & 64-7, it fails to detail for the Court which costs were necessary and which were merely for the convenience of counsel. S*ee Goldstein v. Robert Half Int'l*, No. 04-cv-08238 (SCR), 2010 WL 11651387, at *3 (S.D.N.Y. June 29, 2010) (denying recovery of printing and copying costs where prevailing party supplied a printout of

incurred costs but did not detail the nature of the documents nor explain how they were necessary, as opposed to merely for the convenience of counsel). In the absence of such a showing, the Court disallows Empire Merchants' requested costs of $4248.50 from its proposed Bill of Costs.

## Conclusion

For the foregoing reasons, the motion of Empire Merchant requesting the taxing of its Bill of Costs is granted only to the following extent:

$2178.85 for fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

$242.00 for fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; and

$336.64, which includes $85 for ESI processing and $251.64 for hosted discovery review/production platform;

for a sum total of $2757.49.

The Clerk of Court is directed to amend the judgment accordingly.

So Ordered.

Dated: Brooklyn, New York
January 31, 2020

s/ Eric N. Vitaliano

ERIC N. VITALIANO
United States District Judge